HENRY MILES v. ORA B. MILES.

No. 12,764. (70 Pac. 631.)

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY— *Subsequent Orders Concerning Minor Children.* Under the provisions of section 645 of the code of civil procedure (Gen. Stat. 1901, § 5138), the court retains the right at any time, upon its own motion, or the suggestion of any one interested, to make such reasonable order as may be necessary on either or both of the parties to a divorce action to provide for the

guardianship, custody, support and education of their minor children, and such orders may from time to time be changed. Such right exists independently of the provisions of section 568 of the code (Gen. Stat. 1901, § 5054).

Error from Cowley district court; W. T. McBRIDE, judge.   Opinion filed November 8, 1902.   Affirmed.

*Hackney & Lafferty*, and *J. E. Torrance*, for plaintiff in error.

*J. Mack Love*, for defendant in error.

The opinion of the court was delivered by

. CUNNINGHAM, J.: The parties to this action were divorced upon the petition of the wife. She was granted alimony in accordance with their agreement, which included the payment of $1500 in cash. She was also awarded the "custody, keeping and maintenance" of the three minor children of the parties. About two years after the decree in the divorce proceeding was entered, the divorced wife filed her motion in the same case asking that the decree theretofore granted be modified, and that the defendant be required to pay to the plaintiff, toward the support, education and maintenance of the three minor children, during their minority, such sums as to the court might seem just and equitable, the motion containing various reasons why such order should be made.

Upon the hearing of this motion, plaintiff in error, by objection to the introduction of evidence, raised the question of the jurisdiction of the court to hear it, for the reason that the matter had been fully adjudicated, and for the further reason that if the prior judgment was to be opened it must be done by petition for that purpose, as provided by section 568 of the code (Gen. Stat. 1901, § 5054), and not by motion in the original

case.    These objections were overruled, and the court, after hearing the evidence, entered an order requiring the plaintiff in error to contribute to the support, maintenance and education of the minor children of the parties by the payment to the defendant in error of the sum of fifty dollars per quarter.

It is now insisted that this motion was for the purpose of modifying the judgment rendered in the divorce proceedings, and that therefore the court's jurisdiction, if it had any, must be found in said section 568, and must be invoked as therein provided. While the prayer of the motion was that the judgment be modified, we find from the entire motion that the object thereof was only to have provision made for the support, maintenance and education of the minor children.    This was not a modification of the original judgment.    That judgment decreed the divorce of the parties, contained a judicial ratification of the agreement which they had made for alimony to be paid to the wife, and directed that the care, custody and control of the minor children be committed to the mother. It in no way otherwise provided for the maintenance and education of the children.

By section 645 of the code (Gen. Stat. 1901, § 5138) it is expressly provided :

"When a divorce is granted the court shall make provision for guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper."

This section leaves the matter entirely in the hands of the court.    It may at any time, upon proper notice, change any former order made with reference to these matters by adding to, or taking from, the burdens of either party relative to the same ; and while the

Miles v. Miles.

order made upon the hearing of this motion was that the plaintiff in error should pay to his divorced wife the sum named, such payment was not as alimony, but for the benefit of the children, and for the purposes indicated in the statute. She was, in effect, made a trustee to receive and disburse this money for these purposes.

Any other competent person might have been designated as such trustee by the court. This statute has the effect to repose in the court the right and duty to require divorced parents properly to care for, maintain and educate their children, notwithstanding the fact of the divorce, and to make such orders relative to payments of money from time to time until this result has been fully effectuated. Such orders may be made by the court upon its own motion, or upon the suggestion of any one immediately or remotely interested.

Plaintiff in error further contends that the contribution ordered by the court was too great. It is true, but little evidence was introduced showing his ability to make such payment. It is further true that he, although a witness in his own behalf, in no way suggested his inability to respond to the requirement made upon him. The amount required to be paid is largely a matter within the discretion of the court. We see no reason for thinking that this discretion was abused in this instance, especially so when the court has jurisdiction to modify and change this order at any time, upon proper notice and showing.

The court's order in this respect will be affirmed.

All the Justices concurring.

POLLOCK, J., not sitting, having been of counsel.