ANNIE M. GREENWOOD, *Appellee*, v. ASHFORD W. GREENWOOD, *Appellant*.

No. 16,998.

### SYLLABUS BY THE COURT.

DIVORCE—*Decree Final as to Parties—Court Retains Care of Minors—Valid Contract.* Twelve years after the rendition of the original decree in an action for divorce the minor children of the plaintiff and the defendant filed a motion seeking a modification of the decree so as to provide for their custody and education. *Held*, following *Miles v. Miles*, 65 Kan. 676, that the court had jurisdiction to entertain the motion and to make such orders as were necessary to protect the interests of the children. But this was the extent of its jurisdiction over the parties and the subject matter of the original action, and it had no power to cancel or set aside a contract between the parties respecting lands set apart to one of them so far as such contract in no respect interfered with the rights of the children.

Appeal from Riley district court.   Opinion filed July 7, 1911.   Modified and reversed.

### STATEMENT.

THIS is an appeal by Ashford W. Greenwood from an order made by the district court of Riley county setting aside a contract for the sale of land entered into between Annie M. Greenwood and himself.   The original judgment and decree in this case was rendered on the 2d day of December, 1897, a little more than twelve years prior to the filing of the motion upon which the order complained of was made.   The original

decree of divorce awarded to Annie M. Greenwood the custody of the two minor children, Grace Greenwood and Helen Greenwood, and further decreed that the plaintiff "shall have, and there is hereby set apart to her as her separate estate, as and for her alimony in said action" a tract of land situate in the county of Wabaunsee, containing seventy-six acres, more or less, to be held by her "in trust for Grace and Helen Greenwood until the said Helen Greenwood shall attain her majority, and at the expiration of said time or upon the death of both of said children before said time the title to said property shall vest in the said Annie M. Greenwood absolutely and in fee." Other real estate was set apart to the defendant in fee simple, and the decree provided that each should enjoy and possess the real estate so set apart free and clear from any claim of the other "except the judgment for alimony rendered herein."

It appears that on February 13, 1909, Annie M. Greenwood and Ashford W. Greenwood entered into a contract which provided "that, whereas the party of the first part is the owner in her own right and as trustee for Grace Greenwood and Helen Greenwood of the land" (describing it), "which interest of the said party of the first part will ripen into a full and complete title when the said Helen Greenwood shall attain her majority, which will be October 17, 1913, and whereas the said party of the first part is desirous of selling and disposing of said real estate upon a contract and conveying the full and perfect title when she becomes the absolute owner thereof, now therefore in consideration of the sum of six thousand eight hundred and forty dollars ($6840) the said party of the first part hereby agrees to sell and convey by good and sufficient warranty deed to the party of the second part the" land. The contract further provided that $1000 of the consideration was to be paid to Grace and Helen Greenwood on or before March 1, 1914, in equal shares, with interest at five

per cent per annum payable annually, or in case of the death of either, to the survivor, and in case of the death of both said sum should be payable to Annie M. Greenwood. One thousand five hundred dollars was to be paid to Annie M. Greenwood March 1, 1909, and she was to receive the remainder of the consideration in annual payments with interest. There was no express provision in the contract as to when the deed from Mrs. Greenwood should be delivered, but there was a provision that the grantee should have full and complete possession of the premises upon the delivery of the contract.

On the 28th day of December, 1907, Grace Greenwood and Helen Greenwood by their next friend, John E. Hessin, filed their motion in the original action, reciting the decree of divorce, the provision therein for their benefit, that the plaintiff and the defendant had entered into a contract for the sale of the premises and that by reason thereof the applicants had been deprived of the support provided in the decree, that the funds therein provided for their support had been diverted from the use ordered and decreed by the court, that the sale was in violation of the authority of the court; and asking that the contract of sale be set aside, that the applicants be restored to their rights under the original decree, and that the decree be so amended that no sale or disposition of the property should be made until the further order of the court. On notice being served on Ashford W. Greenwood he entered his special appearance to the motion and challenged the jurisdiction of the court on the grounds:

1. That the moving parties are not now and never have been parties to the suit.

2. That jurisdiction of the defendant cannot be acquired by notice and motion.

3. That the court has no jurisdiction to change or modify the original decree of divorce.

4. That both the moving parties as well as the plain-

20—85 KAN.

tiff and the defendant reside in Shawnee county, the real estate in question being situate in Wabaunsee county, and that therefore the district court of Riley county has no jurisdiction of the parties or the property.

On the hearing of the motion the court overruled the objections to the jurisdiction and heard the evidence of the applicants, which consisted of the introduction of the record in the original proceedings in divorce and the contract between the plaintiff and the defendant for the sale of the land. Judgment was rendered in favor of the applicants, canceling and setting aside the contract, and the original decree was so modified that no sale or conveyance of the premises in question should be made by Annie M. Greenwood for herself or as trustee until the applicants arrive at the age of majority.

Z. T. Hazen, and R. H. Gaw, for the appellant.

John E. Hessin, and John Clarke Hessin, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The defendant's contention is that after twelve years had elapsed from the time the original decree was entered the court had no jurisdiction on the motion of persons not parties to the original action to make any order in the premises, and that since there was no claim on the part of the children that they were not being properly cared for, the case does not come within the rule declared in Miles .v. Miles, 65 Kan. 676. In that case it was held:

"Under the provisions of section 645 of the code of civil procedure (Gen. Stat. 1901, § 5138, Code 1909, § 672), the court retains the right at any time, upon its own motion, or the suggestion of any one interested, to make such reasonable order as may be necessary on either or both of the parties to a divorce action to provide for the guardianship, custody, support and edu-

Greenwood v. Greenwood.

cation of their minor children, and such orders may from time to time be changed. Such right exists independently of the provisions of section 568 of the code (Gen. Stat. 1901, § 5054, Code 1909, § 596)." (Syl.)

There can be no question respecting the power of the court in a divorce action to make an order for the protection of the interests of the children so long as their minority continues, and the court has jurisdiction to make such orders as are necessary to protect their rights upon the motion of any person interested in their welfare. The fact that neither of the parties to the action moves in the matter makes no difference. As soon as attention is called to the necessity or occasion for action the court, upon proper notice, may so modify the decree as to provide for the guardianship, custody, support and education of the children affected thereby. But this is as far as its jurisdiction extends over the parties to the original action. The court therefore had no power to cancel or set aside a contract entered into between the parties to the action respecting their own interests in lands set apart to them so far as such contract interfered in no respect with the rights of the children. The contract which the court attempted to set aside and cancel in express terms recognizes that Annie M. Greenwood's title to the real estate will not become absolute until Helen, the younger child, reaches the age of majority; and there is no agreement to convey the title to the purchaser until that event. The contract, however, does provide that Ashford W. Greenwood be given immediate possession of the real estate, and presumably he is to have the rents and profits, as he agrees to pay interest upon the purchase price. The original decree is very indefinite respecting the interest the two children were to have in the land in question. The land is set apart to Annie M. Greenwood as and for her alimony, to be held by her in trust for the children during the younger's minority, at the expiration of which the title vests absolutely in Annie M. Greenwood. We

assume that the effect of the original decree was to charge the income from the land with the support and maintenance of the children, if necessary for that purpose. And it is clear that the original parties could not by an agreement between themselves substitute some other provision for the children's support, such as the interest upon the value of the land or some portion thereof, in place of the income from the land itself. Certainly the parties to the original decree are bound by its provisions. It was proper, therefore, for the court to so modify its decree as to leave no uncertainty with respect to the children's right to have the income from the land held for their support if necessary, and to say to the parties that they could not by any agreement of their own substitute some other provision for the children's support. To this extent the action of the court must be approved. But the court possessed no power to alter the original decree in any other respect, upon the motion of persons who were not parties to the action. The right of Annie M. Greenwood to sell and dispose of her interest in her own land, or the right of Ashford W. Greenwood to purchase the same or to contract for the future purchase thereof, could not be determined in this manner upon a motion filed by persons who were not parties to the action and after the court's jurisdiction over the parties and the subject matter had terminated save for the limited purpose of providing for the support of the children during minority.

The judgment will therefore be modified and the cause reversed with directions to set aside the provision canceling the contract of sale and to proceed in accordance with the views herein expressed.