No. 19,545.

RALPH PURDY (LESTER PURDY, as Guardian of LESTER
DALE PURDY, a Minor, etc., et al., *Appellants*) V. AN-
NALOU PURDY ERNST, *Appellee.*

SYLLABUS BY THE COURT.

1. DIVORCE—*Custody of Minor Child—Decree May be Modified—
   Proper Procedure.* After the death of the plaintiff in a di-
   vorce action, to whom the custody of a minor child was
   awarded, the decree may be modified by giving the custody of
   the child to the defendant upon motion made in the divorce
   action, and without revivor.

2. SAME—*Persons Interested Should Have Notice—May Defend
   and Appeal.* In such cases persons having an interest in the
   custody of the child adverse to the motion should be notified,
   and they may appear and produce evidence, and may appeal,
   without the formality of being made parties to the litigation.

3. ATTORNEY FOR PLAINTIFF—*May Subsequently Appear for De-
   fendant When.* The attorney for the plaintiff in the original
   action may appear for the defendant in the proceeding to
   modify the decree when the motion is based on conditions
   arising subsequent to the original decree and the attorney is
   not required to violate any confidence reposed in him by his
   former client or to do anything injuriously affecting his
   former client's interests.

Appeal from Neosho district court; JAMES W. FINLEY, judge. Opinion filed October 10, 1914. Affirmed.

*A. S. Lapham,* and *John W. Lapham,* both of Chanute, for the appellants.

*H. P. Farrelly,* and *T. R. Evans,* both of Chanute, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The proceeding in the district court was one relating to the custody of Lester Dale Purdy.

On March 20, 1911, Ralph Purdy and Annalou Purdy, parents of the child, were divorced on account of the fault of the mother, and the child, then six years of age, was given to the father. Another child, then three years old, was given to the mother. On April 14, 1914, the father died, leaving Lester in the care and custody of his grandparents, Mr. and Mrs. J. N. Purdy. An uncle of the boy, Lester Purdy, at once secured letters of guardianship from the probate court. On April 30, 1914, the mother filed a motion entitled in the divorce action asking that the original decree be modified by awarding her the custody of the child. Notice was duly served on the guardian and the grandparents, who contested the jurisdiction of the court to make the order prayed for. After a hearing, at which the contestants presented evidence in opposition to the motion, the court made the following findings of fact:

"4. That about a year after the decree of divorce herein granted, Annalou Purdy was married to a Mr. Ernst, with whom she now lives in City of York, Nebraska.

"5. Mr. Ernst is willing that Mrs. Ernst have the custody of her son, Lester Dale Purdy.

"6. Mr. and Mrs. Ernst have an income of from $80.00 to $100.00 per month, earned by their joint efforts and although they own no real estate are able to furnish Lester Dale Purdy a reasonably comfortable home.

"7. Mr. and Mrs. J. N. Purdy are fit and suitable persons to have the care and custody of a child such as Lester Dale Purdy is, and are able and willing to furnish him a comfortable home.

"8. Annalou (Purdy) Ernst bears a good reputation in the City of York, Nebraska, and is a fit and proper person to have the care, custody and control of her son, Lester Dale Purdy."

The conclusion was that the mother was entitled to the custody of the child and judgment was rendered accordingly. The guardian and grandparents appeal.

Section 672 of the code of civil procedure reads as follows:

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper."

While the power to provide for the custody of minor children will be exercised in the first instance as a necessary incident to the granting of a divorce, the welfare of the children thenceforth becomes an independent subject over which the court possesses a continuing jurisdiction. This jurisdiction may be invoked by any one interested in the children, or may be exercised by the court on its own motion should circumstances require. The form of the proceeding is not very material, but since a change of custody necessarily works a modification of the original order it is proper to proceed in the divorce action. The death of a party to the divorce action can not interfere with the power of the court to make suitable provisions for the custody of children as changed conditions may demand, and no revivor is necessary in order that such power may be called into exercise. The course which the supplementary proceeding takes will be regulated by the court. Persons claiming an interest in the custody of the children adverse to the motion to modify the original judgment should be notified, and they may appear and pro-

duce evidence, and may appeal, without the formality of an order making them parties to the litigation.

These conclusions result from a consideration of the manifest purpose of the statute, which casts authority to conserve the welfare of children of divorced parents broadly upon the court without limitation in regard to procedure beyond the general requirement found elsewhere in the code that its provisions shall be followed. Former declarations of the court point to the same result. (*Miles v. Miles,* 65 Kan. 676, 70 Pac. 631; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071; *Greenwood v. Greenwood,* 85 Kan. 303, 116 Pac. 828.)

The natural right of the mother to the custody of the child was not completely annulled by the divorce decree, and upon the death of the father revived, subject to the condition that she was a suitable person. (*In re Hollinger,* 90 Kan. 77, 132 Pac. 1181; *Pinney v. Sulzen,* 91 Kan. 407, 137 Pac. 987.) The finding on this subject is in favor of the mother, and this court can not declare as a matter of law or of fact that it is not justified.

The attorneys who appeared for the child's father, and on his behalf established the mother's fault in the divorce action, now appear for her. In the second volume of Ruling Case Law, at page 974, the right of an attorney to represent his client's former adversary is discussed as follows:

"The test of inconsistency is not whether the attorney has ever appeared for the party against whom he now proposes to appear, but it is whether his accepting the new retainer will require him, in forwarding the interests of his new client, to do anything which will injuriously affect his former client in any matter in which he formerly represented him, and also whether he will be called upon, in his new relation, to use against his former client any knowledge or information acquired through their former connection."

These limitations do not appear, and the order obtained is based on conditions arising subsequent to the original decree.

The judgment of the district court is affirmed.