No. 20,840.

MABEL M. COMBS, *Appellant*, v. MILO M. COMBS, *Appellee*.

SYLLABUS BY THE COURT.

1. DISTRICT COURT—*Three Divisions—Only One Court.* While the district court of Wyandotte county has three divisions and three judges it is one court, and it was not error to refuse the transfer from the first to the third division of the defendant's motion to modify a former decree rendered by the first division.

2. SAME—*Divorce in First Division—Action in Third Division—Jurisdiction of First Division Not Ousted.* A decree of divorce was granted by the first division in 1912. In 1916 the defendant filed a motion to modify the decree respecting the custody of the child of the parties. A short time before this the plaintiff brought a suit in the third division, alleging, among other things, a subsequent verbal agreement to become husband and wife, and that "immediately thereafter they lived and cohabited together as man and wife," the subsequent failure of the defendant to keep such agreement and his marriage to another woman, and praying for separate support for herself and child. *Held,* that the pendency of this suit did not impair the jurisdiction of the first division of the court to hear and determine the motion.

3. DIVORCE—*Custody of Children—Motion to Modify Decree—Evidence.* An offer on the hearing of the motion to show in behalf of the plaintiff that subsequently to the decree of divorce the parties in every respect resumed marital relations, after which the defendant went away and married another woman, was refused. *Held,* that while such evidence would have been competent as affecting the fitness of the defendant to have the custody of the child, its rejection was not, in view of the evidence received, prejudicial error.

4. SAME—*Custody of Children—Decree Subject to Modification.* The modification of the former decree is no bar to any relief the plaintiff may be entitled to either by motion or by a separate suit.

5. SAME—*Custody of Child—Modification of Decree—Evidence.* An admission that one ground of the defendant's motion was not correct did not preclude the court from granting the modification on another ground supported by competent evidence.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed January 6, 1917. Affirmed.

*L. W. Keplinger,* and *C. W. Trickett,* both of Kansas City, for the appellant.

*David F. Carson,* and *Robert H. Worline,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

WEST, J.: The plaintiff appeals from an order modifying a former decree concerning the custody of her minor child. On May 10, 1912, the plaintiff was by the district court of Wyandotte county, first division, granted a decree of divorce from the defendant and was awarded the custody of their child, the right of visitation being reserved to the father. On January 27, 1916, the defendant filed his motion in the original suit for a modification of the order, one of the grounds being that the plaintiff had not complied therewith and had removed the child from Wyandotte county and obstructed and prevented the defendant from seeing him or having an opportunity to visit with him at reasonable times and places. On October 26, 1915, the plaintiff filed her petition in the third division of the district court, alleging in substance that the parties, after the divorce, had entered into a verbal agreement of marriage and had become and had lived together as husband and wife, that thereafter the defendant had deserted her after which he had gone through a ceremony of marriage with another woman, and asking for a division of the defendant's property and for support for herself and child. On March 10, 1916, plaintiff filed her motion in the first division for an order transferring the defendant's motion to the third division or, if such order should be denied, that the hearing be suspended until the termination of the suit there pending, which motion was overruled. While the motion was being heard in the first division it was stated that an order had been made transferring the plaintiff's suit thereto from the third division—which order had been made April 5, 1916— upon which the trial judge stated that he had not been consulted about such an order and that he would not try the case. During the hearing of the motion the plaintiff requested an opportunity to show that the parties resumed marital relations after the divorce and that thereafter the defendant went away and married another woman, the theory being that one who would thus conduct himself was not a fit

person to have the custody of the child. The exact offer as it appears in the record was—

"To show by this witness that these parties resumed marital relations and that thereafter and before he remarried this other woman in every respect he resumed marital relations and that after that he went off and married this other woman as a reason showing why he is not a competent person to have the custody of this child and our view is—but we will present that later on the motion with respect to this matter, but that is our view and our offer and we ask to show that by this witness."

An objection to this offer was sustained. The pleadings in the suit in the third division were offered in evidence, the answer containing an admission that the defendant had remarried and was living with his present wife. Any modification of the former order was objected to on the ground that the court was without jurisdiction by reason of the pendency of the other suit and because the parties "were really married." The former order was modified giving the care, custody and control of the child six months alternately to the plaintiff and defendant with the right of visitation at all reasonable times and places, and providing "that this order respecting said child may be modified upon application to the court therefor by either party with or without notice to the other party."

The errors specified are the overruling of plaintiff's motion for a transfer of the motion to the third division or postponement of the hearing, the exclusion of the evidence offered by the plaintiff, overruling her objection to the jurisdiction of the court over the subject matter and her motion for a new trial.

While the district court of Wyandotte county has three divisions and three judges, it is one court. (Laws 1909, ch. 112, Gen. Stat. 1909, §§ 2445-2458.) Judge Fischer had granted the divorce and made the order concerning the custody of the child and it was proper that he should act on the motion for a modification of such order, and he was under no compulsion or requirement to send the matter to another division.

It is quite clear that the court granting the original divorce had jurisdiction to modify the decree as to the custody of the child, for the statute so provides. (Civ. Code, § 672;

*Miles v. Miles,* 65 Kan. 676, 70 Pac. 631; *In re Petitt,* 84 Kan. 637, 643, 114 Pac. 1071; *Greenwood v. Greenwood,* 85 Kan. 303, 116 Pac. 828; *Purdy v. Ernst,* 93 Kan. 157, 143 Pac. 429.)

While the suit referred to was pending when the motion was filed still at and before the bringing thereof the court had jurisdiction of the matter of the child's custody, so that the question of priority is negligible. The mere beginning of the suit did not and could not oust the court of jurisdiction to modify the former order, and the matters of transfer, postponement, consolidation and precedence were purely discretionary. The modified order could have been remodified had the plaintiff's suit been brought to trial later—such remodification being not only within the unquestioned power of the court but within the very terms of the modification itself.

It is insisted that the remarriage of the parties did away with the former decree respecting the custody of the child, and *Cain v. Garner,* (Ky. 1916) 185 S. W. 122, L. R. A. 1916 E, 682 (the only decision on the question cited or found), so holds. But whatever its effect such remarriage had not been shown when the modification was made, the petition in the other suit which was offered in evidence being merely the plaintiff's allegation and not proof. The averment in that petition was that "plaintiff and defendant entered into a verbal agreement of marriage whereby said parties naturally [mutually] covenanted and agreed to then become and from that date to be husband and wife and that immediately thereafter they lived and cohabited together as man and wife." Assuming, without deciding, that this would amount to a *bona fide* consensual marriage, whether one of two parties who would thus assume to live in marital relations in violation of the law which requires proper solemnization of the marriage contract (Gen. Stat. 1909, § 4855), and the statute which punishes those who thus live together without such solemnization (§ 4866) should be heard to assert the fact on the hearing of such a motion is a question not necessary now to decide. (*The State v. Walker,* 36 Kan. 297, 13 Pac. 279.)

The offer hereinbefore quoted literally did not amount to an offer to show a valid common-law marriage—but a mere resumption of marital relations. If such resumption reflected upon the defendant's fitness to have the custody of the child it

must have reflected also upon that of the plaintiff. His forsaking such relation and marriage to his present wife could hardly constitute a reason for denying him some control over his boy. At all events it can not be said that the alleged agreement and relation and the offer to prove in any wise impaired the jurisdiction of the court to make the modification.

The chief remaining question goes to the alleged error in refusing the offer. It was competent evidence to affect the fitness of the defendant to have the care of his child, but had the offer been made good and had it been shown that for a time the parents did resume marital relations, this would not necessarily work a reversal of the order. Whatever the temptations or weaknesses of the parties or whatever ephemeral purpose to remarry may have possessed them the court which had divorced them, now after the flight of several years again saw and heard them and observed their spirit and demeanor; heard the wife tell of his visits, his reception and his treatment; heard the husband tell how the door had been shut in his face when he had gone to see the boy, and how the child had become cold toward the father for whom he formerly evinced the keenest affection. Which one to believe, and what disposition to make were matters which the trial court could determine better than we can. It was a problem calling for the sincere efforts of a judge who knew the parties to do what was best for the child, having due regard to parental rights, and we can find no good ground for overruling the result reached.

It is suggested that because the defendant refused to testify that the mother was an unfit person to have the boy, the court had no grounds on which to modify the order. But as already indicated, there was evidence to support another ground of the motion—that the plaintiff had "obstructed and prevented the defendant from seeing said child, or from having an opportunity to visit with him at reasonable times and places." Disobedience of the original decree naturally worked a modification thereof.

The order complained of, however, is no bar to any relief the plaintiff may be entitled to either by motion or by action and as the record shows no prejudicial error the ruling of the trial court is affirmed.