No. 27,975.

GRACE B. DAGUE, *Appellant,* v. SI R. DAGUE, *Appellee.*

(267 Pac. 988.)

Opinion filed June 9, 1928.

*George Gardner,* of Wichita, for the appellant.

*Dempster O. Potts, R. G. Bennett, Z. Wetmore* and *George M. Ashford,* all of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an appeal from an order in a divorce action granting a modification of an order for permanent alimony and for the support of the minor child. In May, 1926, the plaintiff, Grace Dague, obtained a decree of divorce against her husband, awarding her the custody of the minor child, certain real property, and $30 per week as permanent alimony for her and for the support of the child. In April, 1927, less than one year after the granting of the decree, the defendant husband filed a motion to modify the weekly allowance because of his inability financially to comply with the order on account of the decrease in his income and the decline in his business generally. The court heard the motion and evidence as to the business and the income and expenses in connection therewith and sustained the motion by reducing the weekly payments to $15 per week until September 1, 1927, and after that date until the further order of the court to $20 per week.

The plaintiff, appellant here, contends that this weekly allowance is, as the original decree states, permanent alimony and is in effect a judgment and cannot be changed. The appellee, defendant in the trial court, insists that it is not permanent alimony but is really support money for the minor child, and under R. S. 60-1510, can be modified or changed at any time to suit the circumstances of the parties and the best interests of the child.

The legal aspect is hardly debatable until the premise is established. If the weekly allowance is really permanent alimony, it will, we imagine, be conceded that it cannot be modified, and a similar concession, we think, would be as readily made in favor of modification if this weekly allowance is not permanent alimony, and is intended, either in whole or in part, for the support of the child. The following is the language of the journal entry as far as it concerns the question of alimony or support of the child:

"The court finds that the plaintiff should be declared and decreed to be the owner of lots 38 and 40 on Water street in Allen's resurvey of Turner's addition to the city of Wichita, Sedgwick county, Kansas, and that the balance due on said property in an approximate amount of $450 should be paid by the defendant. The court further finds that the plaintiff should have and recover as permanent alimony the sum of $30 per week, which said amount should be paid on Monday of each week into the office of the clerk of the district court of Sedgwick county, Kansas, and the court further finds that the defendant should pay plaintiff's attorney an additional sum of $50.

. . . . . . . . . . . . .

"It is, therefore, by the court considered, ordered, adjudged and decreed that the bonds of matrimony heretofore existing and now existing between this plaintiff and this defendant be dissolved, set aside and held for naught, and that the plaintiff herein should be divorced from the defendant, and it is further ordered that the defendant shall, on each Monday of each week pay into the office of the clerk of the district court of Sedgwick county, Kansas, the sum of $30 as permanent alimony for the plaintiff and for the support of Virginia Belle Dague.

"It is further ordered that the plaintiff is adjudged to be the owner of lots 38 and 40 on Water Street in Allen's resurvey of Turner's addition to the city of Wichita, Sedgwick county, Kansas, together with all of the improvements thereon, and that the defendant shall pay the balance due on said property, in an approximate amount of $450, and that such amount should be paid at such times and in such amounts and in such manner as is provided in the mortgage securing the same.

"It is further ordered that the care, custody and control of Virginia Belle Dague be vested and given to the plaintiff herein."

Our attention is directed to some difficulties with reference to concluding the weekly allowance to be permanent alimony. One is the

failure to state the time this allowance is to continue. Is it to continue during the life of the wife? Is it to be paid out of the estate of the husband if she should survive him, or is it to discontinue at his death? These are pertinent questions. In the case of *Bassett v. Waters,* 103 Kan. 853, 176 Pac. 663, the court held that permanent alimony was subject to assignment and permitted the collection of the remaining installments due by the assignee of the wife after her decease. Again, this allowance is not designated as a part of an aggregate sum, and for that reason it is impossible to compute the total amount of it. Permanent alimony is generally put in the form of a judgment, which requires the amount to be definite. That is impossible in this case. See *Scott v. Scott,* 80 Kan. 489, 103 Pac. 1005. True, the journal entry states twice that this allowance is made as permanent alimony, but calling it such is not conclusive. If it is permanent, what construction must be given the phrase, "and for the support of Virginia Belle Dague"? Appellant says the wife was given the allowance and the custody of the child, and was expected to support the child out of this allowance and her other means, but that will not relieve the father from the support of the child if the mother should die or for any reason fail or be unable to support the child. In such case the court would, without hesitation, impose on him that duty regardless of the wife and her ability or attitude. (*Combs v. Combs,* 99 Kan. 626, 162 Pac. 273.) This was the particular contention in *Miles v. Miles,* 65 Kan. 676, 70 Pac. 631.

"Under the provisions of section 645 of the code of civil procedure (Gen. Stat. 1901, § 5138), the court retains the right at any time, upon its own motion, or the suggestion of any one interested, to make such reasonable order as may be necessary on either or both of the parties to a divorce action to provide for the guardianship, custody, support and education of their minor children, and such orders may from time to time be changed. Such right exists independently of the provisions of section 568 of the code (Gen. Stat. 1901, § 5054)." (Syl.)

"The district court granting a divorce may, on proper motion and notice, modify or change any order originally made, providing for the custody, support and education of the minor children, whenever circumstances render such change proper." (*Kendall v. Kendall,* 5 Kan. App. 688, syl. ¶ 2, 48 Pac. 940. See, also, *Greenwood v. Greenwood,* 85 Kan. 303, 116 Pac. 828.)

Taking the theory of the appellant as far as possible, one cannot avoid the conclusion that at least a part of the weekly allowance was intended for the support of the child; perhaps not all of it. It would require a very strained construction of the language of the

journal entry to conclude that the weekly allowance was all intended for the wife and was absolutely and entirely intended for permanent alimony. We concur with the trial court in holding that it was not so intended and was therefore capable of being modified at any time "whenever circumstances render such change proper."

It is urged that the financial accounts and statements rendered and introduced in evidence do not show any change in the earnings and income of the appellee, but the only change shown is the increased expense assumed by him in supporting a second wife. Without taking into account this very natural increased expense, we think there was evidence showing a decrease in his income, and at least sufficient proof along that line to support the necessary and implied finding of the trial court in that respect.

The order modifying the order of the decree is affirmed.

MARSHALL, J., not sitting.