## JACOBSON v. RUSSELL.

No. 18638.   Opinion Filed March 25, 1930.

Nowlin, Spielman & Thomas and Conner & Conner, for plaintiffs in error.

Wm. Pfeiffer, for defendant in error.

HUNT, J.  This is an appeal from the district court of Oklahoma county from a judgment rendered in an action therein pending wherein the plaintiff, defendant in error here, sought and obtained judgment against the defendant, plaintiff in error here, on a foreign judgment in the sum of $1,030.-20, with interest thereon at the rate of 6 per cent. per annum from the 1st day of January, 1926.

For convenience the parties will be referred to here as they appeared in the trial court.  The admitted facts are that plaintiff and defendant were formerly husband and wife; that on May 26, 1908, in the district court of Bourbon county, Kan., the plaintiff obtained a divorce from her husband, the defendant herein; that incorporated in said divorce decree was an order that this defendant should pay to the plaintiff the sum of $10 per month for the support and maintenance of Cecil Jacobson, the minor son of plaintiff and defendant; that at the time of the institution of said divorce action, the defendant, P. Lester Jacobson, was a resident of Oklahoma City in the state of Oklahoma, and that he waived the service of summons in said action and entered his voluntary appearance in same in the district court of Bourbon county, Kan.  It further appears that from the date of the entry of said decree on May 26, 1908, up until August 4, 1921, this defendant had made all the monthly payments as by said order and decree required, but on said last-mentioned date, the plaintiff filed a motion in said case in the district court of Bourbon county, Kan., wherein and whereby she sought to have said monthly payments increased from $10 per month to the sum of $30 per month.  It further appears that service of the hearing on said motion was attempted to be had on defendant by mailing to him at his address in Oklahoma City a notice to the effect that said motion, copy of which was attached to the notice, would be heard in the district court of Bourbon county, Kan., on the 13th day of August,

1921. This notice was sent by registered mail and return receipt therefor signed by the defendant under date of August 5, 1921, is incorporated in the record. Defendant did not appear at said hearing, and upon the showing made on the motion by plaintiff, same was sustained, and the district court of Bourbon county, Kan., made its order modifying its former decree of May 26, 1908, and increasing the allowance therein made from $10 per month to $30 per month. Defendant continued to make the payments of $10 per month up to and including September, 1921, and thereafter made no further payments, according to the record, until December 3, 1921, and December 22, 1921, paying $15 on each of said dates. During the year 1922, defendant made ten payments of $15 each, and during the year 1923, twelve payments of $15 each; during the year 1924, 12 payments of $15 each, and during the year 1925, four payments of $15 each.

This action was begun in the district court of Oklahoma county on January 4, 1926, by plaintiff filing in said court a petition setting up the judgment and orders of the district court of Burbon county, Kan., alleging default on the part of the defendant and seeking judgment for the balance due from defendant under and by virtue of said judgments in the district court of Bourbon county, Kan.

An amended petition was later filed by order of court, and after unsuccessful motions for judgment on pleadings, and demurrer to the petition filed by defendant, the defendant filed answer in the form of general denial, and further attacking the validity of said judgment, contending that no legal or valid service was had upon defendant of the hearing on the motion upon which the judgment of August 13, 1921, was rendered, for the reason that defendant was at said time a resident of the state of Oklahoma, and that no service was had upon him as required by law, and that the same was an attempt upon the part of plaintiff to cause the Kansas court to exercise extraterritorial jurisdiction over defendant.

Other defenses were alleged in the answer, but upon demurrer same were stricken. Upon the issues thus made, trial was had to the court and judgment rendered for plaintiff as hereinbefore set out, and from this judgment defendant prosecutes this appeal. Some six assignments of error are contained in the petition in error, but in discussing same in the brief of plaintiff same are grouped under two general propositions, as follows:

First proposition: The orders and judgment of the district court of Bourbon county, Kan., upon which this suit is predicated were not such final orders or judgments or decrees of the court of Kansas as to be given full faith and credit in the courts of the state of Oklahoma.

Second proposition: The attempt upon the part of the Kansas court to render a personal money judgment against a resident of Oklahoma was an attempt to exercise extraterritorial jurisdiction, and therefore wholly void.

We shall discuss the second proposition first. In support of this contention plaintiff cites applicable provisions of the Kansas statutes (Rev. St. 1923) relative to proceedings of this kind, the same being as follows:

"60-1510. Provisions for Minor Children. When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper.

"60-722. Notice of Motion. Where notice of a motion is required, it must be in writing, and shall state the names of the parties to the action or proceeding in which it is made, the name of the court or judge before whom it is to be made, the place where and the day on which it will be heard, the nature and terms of the order or orders to be applied for; and if affidavits are to be used on the hearing, the notice shall state that fact, and it shall be served a reasonable time before the hearing.

"60-723. Service of Such Notice. Notice of motions mentioned in this article may be served by a sheriff. coroner or constable, the party or his attorney, or by any other person, and the return of any such officer or affidavit of any such person, shall be proof of service; the service shall be on the party, or his attorney of record, and in case there is more than one party adverse to such motion, service shall be made upon each party or his attorney.

"60-724. Manner and Place of Service. Fees. The service of a notice shall be by copy served in any manner in which a summons may be served, and may be served without the state; and when served by an officer, he shall be entitled to like fees."

Though the divorce in this case was granted in 1908, under the provisions of section 60-1510, Revised Statutes of Kansas 1923, above quoted, the court had the power to modify or change the order relative to the custody and support of the minor child whenever circumstances rendered such change proper.

The Supreme Court of Kansas, in construing this statute, in Miles v. Miles, 65 Kan. 676, 70 Pac. 631, said:

"He (the court) may at any time, upon proper notice, change any former order made with reference to these matters by adding to or taking from the burdens of either party relative to the same."

It will be noted that proper notice was held to be an essential requisite to the exercising of jurisdiction conferred by section 60-1510, supra. Sections 60-722, 60-723, 60-724, supra, prescribed the form and manner of service of such notice. The only service claimed to have been made upon the defendant herein of the hearing of the motion in the district court of Bourbon county, Kan., was by registered mail upon the defendant, a resident of Oklahoma in the state of Oklahoma. Was this sufficient service? It will be observed that section 60-724, supra, provides that notice shall be served in any manner in which a summons may be served and may be served without the state. The Kansas statute provides a summons shall be served by personal service thereof or by publication in proper cases.

In Closson v. Closson (Wyo.) 29 A. L. R. 1371, the court said:

"Where the defendant is not a resident of the state, the power of a state court over the incidents of a cause of action is subject to limitations. The rule is that a valid personal judgment for money cannot be rendered against a nonresident who has not been served with process within the state."

Plaintiff contends that, since the defendant waived the issuance of summons and entered his general appearance in the original action for divorce, the court having acquired jurisdiction in that matter, had it for all purposes, and that the court had a continuing jurisdiction to make the order of the 13th day of August, 1921. We are of the opinion that the court did have jurisdiction in the matter, but in order to exercise that jurisdiction and make the order complained of, the Kansas statute required notice thereof to the defendant to be served in any manner in which a summons may be served, and the question here is, as hereinbefore stated: Were these statutes complied with, and did the court acquire jurisdiction over the person of the defendant in such a manner as to authorize it to render the personal money judgment herein sought to be enforced?

The record herein conclusively shows that defendant was and had been a resident of the state of Oklahoma continuously for about 15 years at the time of the rendition of the judgment on August 13, 1921, in the district court of Bourbon county, Kan.; that he had not been in the state of Kansas during that time and had no attorney of record in the action in which the judgment was rendered. It further appears from the record that all sums due the plaintiff under the original judgment, to wit, $10 per month, had been fully paid, the minor child of the parties having become of age on October 1, 1926, and this action is for the balance alleged to be due by reason of the judgment in 1921, increasing the monthly payments from $10 per month to $30 per month. It is elementary that, before a court can render a judgment in personam, jurisdiction of the person against whom the judgment is rendered must first be obtained in the manner provided by law. As hereinbefore pointed out, there can be no question as to the power and jurisdiction of the district court of Bourbon county, Kan., to render just such a judgment as was rendered herein, if the person against whom the judgment was rendered was properly before the court, but we know of no rule of law whereby a valid personal judgment can be rendered against a resident of this state in the courts of another state in the absence of personal service on the defendant in the state wherein the judgment is rendered. Closson v. Closson, supra. This is true even in divorce proceedings, wherein, as was said in Purdy v. Ernst, 93 Kan. 157, 143 Pac. 429, cited by plaintiff, "the court possesses a continuing jurisdiction as to the welfare of the children." Plaintiff also cites Miles v. Miles, supra; Greenwood v. Greenwood, 85 Kan. 303, 116 Pac. 828. We have examined each of these cases, and they sustain plaintiff's contention only in so far as the power of the court to modify or change any order in a divorce proceeding respecting the guardianship, custody, support, and education of the minor children of the marriage is involved, and are not in point on the question involved in this appeal.

In each of these cases the parties were properly before the court and no question as to the jurisdiction of the person was raised, as here. It also appears in each of those cases that the orders complained of were made "upon proper notice." Proper notice being a prerequisite to the exercising of the jurisdiction specifically conferred by section 645 of the Code of Civil Procedure, Kansas (section 5138, General Statutes 1901), being that sought to be exercised here, the attempted service of the notice on the defendant herein in the state of Oklahoma was insufficient to bring him within the jurisdiction of the district court of Bourbon county, Kan., and we are forced to the conclusion that same constitutes an attempt to exercise extraterritorial jurisdiction over the person of the defendant, and that the dis-

trict court of Oklahoma county erred in not sustaining defendant's demurrer to the evidence on the ground, as stated therein, "that the same is an attempt by the Kansas court to exercise extraterritorial jurisdiction by rendering a personal money judgment against the defendant."

It is urged by plaintiff that this proposition as presented by the defendant cannot be considered, for the reason that the action of the trial court in overruling defendant's demurrer to the evidence was not assigned as error in the petition in error filed in this court, and is not properly presented in the briefs, and should therefore be considered as waived. We cannot agree with this contention, for the reason that this alleged error was specifically called to the attention of the trial court in the motion for new trial, which was overruled, and the overruling of same is assigned as error in the petition in error filed in this court. The rule as early laid down by this court in Walter A. Wood Mowing & Reaping Machine Co. v. Farnham, 1 Okla. 375, 33 Pac. 867, as follows:

"3. An assignment 'that the court erred in overruling appellant's motion for a new trial' brings up for review all the reasons properly and sufficiently set forth in the motion for a new trial"

—is applicable here.

Also, in Glaser v. Glaser, 13 Okla. 389, 74 Pac. 944, this court held:

"* * * An assignment of error in this court to the effect that the court erred in overruling the motion for new trial will present for review by the Supreme Court every alleged error embodied in the motion for new trial."

This rule has consistently been adhered to in this jurisdiction, and applying same to the instant case, it is clear that the alleged error of the trial court in overruling the demurrer of defendant to the evidence, based on the ground therein stated, is properly before this court for review; and is properly presented under the second proposition in the brief of plaintiff in error, as hereinbefore set forth.

Plaintiff also cites Taylor v. Woodbury, 86 Kan. 236, 120 Pac. 367, wherein, on a motion to reopen a judgment, service of notice of the hearing thereon was had by registered mail and same was upheld. Upon examination of this case we find it is not in point on the question involved here, for the reason that such service was not attempted to be had out of the state of Kansas, as here, but was wholly within the state.

For the reasons herein stated, this cause must be reversed, and having arrived at this conclusion on this proposition, it becomes unnecessary to consider other questions presented.

The judgment is therefore reversed, and the cause remanded to the district court of Oklahoma county, with directions to sustain defendant's demurrer to the evidence and to render judgment for the defendant.

MASON, C. J., and CLARK, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur.

LESTER, V. C. J., and RILEY, J., absent.