No. 33,308

THE STATE OF KANSAS, ex rel. VELMA AMMON, *Appellee*, v. ROBERT BLAINE, *Appellant*.

(66 P. 2d 596)

Opinion filed April 10, 1937.

*Henry Dangerfield,* of Topeka, for the appellant.

*Clarence V. Beck,* attorney general, *Paul T. Harvey,* county attorney, and *B. J. Lempenau,* all of Topeka, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This appeal is from an order overruling a motion by appellant to vacate a judgment for support and maintenance of an illegitimate child.

On February 26, 1932, the appellant, Robert Blaine, was by the district court of Shawnee county adjudged to be the father of an unborn illegitimate child. The appellant was ordered to pay certain money to the clerk of the court for the benefit of the prospective mother, and the court by its order retained jurisdiction of the cause to make further proper orders for the support and maintenance of the child.

On May 14, 1932, after the birth of the child, upon further hearing, judgment was entered in said cause as follows:

"Thereupon the defendant is ordered by the court to pay $26.75 balance of expense in connection with the birth of child, payable in 30 days from this date. It is further by the court ordered that the defendant pay $180 per year

for the support of the child of Velma Ammon and this defendant, payments to be made $7.50 on the first and 15th of each month until the further order of this court."

Appellant filed a motion to vacate and set aside the order and judgment upon the ground that the order was void, the court having no power or authority to issue such order and judgment. On September 26, 1936, this motion was overruled, and this appeal is from the order of the court overruling that motion.

It is argued by appellant that any order of the court for the maintenance and education of the child must be for a definite amount of money, and that the sum so fixed should be payable in gross, or be paid in divided portions at different times, and therefore the judgment of May 14, 1932, is void.

G. S. 1935, 62-2313, provides:

"Such court shall, on such finding or confession, render such judgment and make such order as may seem just for securing the maintenance and education to such child, by the annual payment to the mother, or if she be dead or an improper person to receive the same, to such other person as the court may direct, and of such sum or sums of money as the court may order, payable at such time or times as may be adjudged proper. The judgment shall specify the terms of payment, and shall require of such defendant, if he be in custody, to secure the payment of such judgment by good and sufficient sureties; or, in default thereof, he shall be committed to jail until such security is given."

If the mother of the child is living the statute provides payment shall be made to her. If the mother should die, or if it be shown that she is an improper person, then the court may select some proper person to receive and administer the fund. The amount of money to be paid and the time of payment is in the discretion of the court, and security may be required. There is nothing in this section that would invalidate the judgment of the trial court in this case. If the father of the child is unable to give bond to secure the payment of the judgment, the statute directs that he shall be committed to jail. The difficulty in securing a bond certainly would not destroy the statute or impeach the judgment.

Section 62-2318 of the General Statutes of 1935 provides that in case of the death of the child before the expiration of the time limited for the last payment on the judgment, the court rendering such judgment may make such reduction in the amount of the judgment as may be proper and just. This language can only mean that the court has a continuing jurisdiction to adjust the payments as the circumstances may require. This was evidently the view of

the learned trial judge who was careful to insert in the journal entry the provision that the payments were to continue as fixed by the judgment "until the further order of this court."

This interpretation of the statute finds support in the analogous case of the desertion of minor children by the father. In such case the statute (G. S. 1935, 21-445) provides the court may make an order which shall be subject to change by the court from time to time as the circumstances may require, directing the defendant to pay a certain sum periodically. That statute also provides that the defendant shall remain in custody unless he shall execute a recognizance to comply with the order of the court. Clearly the court is to retain jurisdiction and exercise a superintending control over the matter after the term at which the order is made.

So, too, where the parents are divorced, our statute (G. S. 1935, 60-1510) provides that the court shall make provision for the custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper. This statute has always been held to confer a continuing jurisdiction on the court. (*Dague v. Dague,* 126 Kan. 405, 267 Pac. 988; *Greenwood v. Greenwood,* 85 Kan. 303, 116 Pac. 828.)

We think the order of the trial court was valid. If by change of circumstances the payments as ordered become unjust or oppressive, the court will, upon proper application and notice, make any necessary modification in the order.

The judgment is affirmed.