No. 24,474.

The New York Foundling Hospital, *Petitioner*, v. Agnes
Harrington, *Respondent.*

SYLLABUS BY THE COURT.

1. Habeas Corpus—*Custody of Minor Child—Jurisdiction.* In an original
   proceeding in habeas corpus to determine the custody of a child, the court,
   after considering the evidence, concludes that the interests of the child will
   be best served by placing it in the custody of other parties.

2. Same—*Custody of Minor—Jurisdiction of Supreme Court.* The supreme
   court has jurisdiction, by habeas corpus, to take the custody of a child away
   from an unsuitable party and place that custody in another, although the
   juvenile court in a proceeding under sections 3065-3079 of the General Stat-
   utes of 1915, the law concerning dependent, neglected, and delinquent

children, has placed the child under the control of the party from whom the petitioner desires to take it.

Original proceeding in habeas corpus. Opinion filed May 12, 1923. Writ allowed.

*G. W. Holland, J. C. Ruppenthal, J. E. Driscoll,* all of Russell, *R. W. Blair, T. M. Lillard,* and *O. B. Eidson,* all of Topeka, for the petitioner.

*M. J. Gernon, Oscar Ostrum,* both of Russell, and *W. A. S. Bird,* of Topeka, for the respondent.

The opinion of the court was delivered by

MARSHALL, J.: Elizabeth Farnum was born in New York on September 7, 1911. The mother turned the child over to the petitioner, an organization having for its purpose the securing of homes for unfortunate children. The child was brought to Kansas by the petitioner, and under articles of indenture, was left with T. F. Harrington, the father of the respondent. The child was then about two years of age, and from that time until the commencement of this action, was constantly under the care and supervision of the respondent. Fifteen months after receiving the child, T. F. Harrington died. She remained with the respondent until the commencement of this action, when she was by this court placed in the hands of the sheriff of Russell county.

Reports had been made to the petitioner that the child was not receiving proper treatment at the hands of the respondent. A representative of the petitioner went to the home of the respondent and requested the custody of the child. That custody was refused. Complaint was made to the truancy officer, who in turn made complaint to the juvenile court. The child was brought before that court as a dependent and neglected child. After a hearing, that court returned the child to the custody of the respondent. This action was then commenced.

1. The evidence has been taken by deposition. It is very conflicting concerning the fitness of the respondent to have the care, custody, and control of Elizabeth Farnum and of the treatment that had been given her. There is evidence to show that the respondent is a hard-working woman and lives on a farm, doing much of the field work herself; that she is not cleanly; that her habits and language are course; that she is a member of the Catholic church, but is not obedient to the teachings of that church; that she has trained the child in the religion of that church; that she has sent

the child to public schools and has at times refused to send her to the schools of the church; that the child has been warmly clothed and properly fed, although she has not been kept as clean as she should have been; that the child is frail and has been unable to attend school at all times; that the respondent has been deeply interested in the education of the child; that the child and respondent have great affection for each other; and that the child desires to return to the home of the respondent to live. There is also evidence to show that the respondent is over fifty years of age, that she has never been married, and that her life has largely been one of seclusion. There is also evidence to show that the respondent is erratic; that she has a violent temper; and that during fits of anger she uses vile language which ought not be used by any person. There is some evidence to show that the child is forming habits similar to those of the respondent.

The court concludes from the evidence that the child will not receive at the hands of respondent the training that should be given a growing girl and that it will be for her best interests to place her in a home where she can be given the training that should be given a girl of her years.

2. The jurisdiction of this court is questioned. It is contended that this court does not have power in a habeas corpus proceeding to take the child from the custody of one to whom that custody has been awarded by the juvenile court. Habeas corpus, from the organization of this state to the present time, has been used as a means to determine the fitness of those who have the custody of children, and under that writ children have often been taken from the custody of one person and placed in the custody of another. The respondent, under the order of the juvenile court, does not have any greater right to the custody of the child than a parent would have to the custody of his child. Where the best interests of a child will be promoted, its custody may be taken from a parent and given to a stranger. (*Chapsky v. Wood,* 26 Kan. 650; *In re Guber,* 105 Kan. 515, 184 Pac. 850.) The jurisdiction of the juvenile court is not exclusive. The supreme court may, on habeas corpus, take an infant away from one to whom the custody of the infant has been given by the juvenile court and give that custody to another.

In *Bleakley v. Barclay,* 75 Kan. 462, 89 Pac. 906, this court said:

"Where the rights of conflicting claimants to the custody of a child are involved and determined in habeas corpus proceedings the judgment is bind-

ing and conclusive, and bars subsequent proceedings by a party thereto upon the same state of facts." (Syl. ¶ 3.)

In that case, there was a contest over the maternity of the child, and that question was a controlling one in the case.

In a proceeding before a juvenile court, the rights of contending parties to the custody of a child are not adjudicated. The petitioner in this action was not a party to the proceeding in the juvenile court although the petitioner's representative was in the courtroom at the trial. Juvenile courts are not given jurisdiction to determine the rights of contending parties to the custody of children. The jurisdiction of those courts is over dependent, neglected, and delinquent children. (Gen. Stat. 1915, § 3065, as amended by Laws of 1917, ch. 154.) Those courts are given control over such children although there may be no contest concerning their custody. In a proceeding in habeas corpus, any court having jurisdiction may adjudicate the rights of those contending for the custody of a dependent, neglected, or delinquent child, but jurisdiction then depends on the controversy over custody and not on the fact that the child is dependent, neglected, or delinquent. In the present action, there is a contest for the custody of Elizabeth Farnum. In *In re King*, 66 Kan. 695, 72 Pac. 263, this court said:

"The judgment of a court in a proceeding in habeas corpus with regard to the custody of a child will not prevent another court from afterward making a different order, where the welfare of the child requires it, even though no material change of circumstances be shown." (Syl.)

One thing must not be forgotten and that is, in proceedings of this character, that the benefit of the child is of paramount importance. In *In re Guber*, 105 Kan. 515, 516, 184 Pac. 850, this court said:

"Welfare of the child is always an issue in this class of cases. Rights of parents and claims of grandparents must all yield, under proper circumstances, to the best interest of the child, and in a habeas corpus proceeding the court may award custody accordingly."

Reference to another principle concerning the jurisdiction of this court may be of some benefit. In *In re Petitt*, 84 Kan. 637, 114 Pac. 1071, this court said:

"The grant of original jurisdiction to the supreme court in quo warranto, mandamus and habeas corpus comprehends and carries with it authority to exercise superintending control over inferior courts to the extent that it may be exerted by those writs and proceedings." (Syl. ¶ 1; see, also, *Bishop v. Fischer*, 94 Kan. 105, 108, 145 Pac. 890; *The State, ex rel., v. Howat*, 109 Kan.

376, 393, 198 Pac. 686; and *The State, ex rel., v. Casualty & Surety Co.*, 111 Kan. 139, 206 Pac. 331.

It is by the court ordered that Elizabeth Farnum be turned over to the petitioner, the New York Foundling Hospital, to be placed in the care, custody, and control of some suitable person to be first approved by this court. The court retains jurisdiction of the cause and of the child for the purpose of approving or rejecting the selection made by the petitioner and for the purpose of making such other orders as may be necessary.