No. 24,705.

THOMAS J. BOOTH, *Appellee*, v. LAURA C. BOOTH, *Appellant*.

### SYLLABUS BY THE COURT.

1. DIVORCE AND ALIMONY—*Decree—Alimony Awarded—Final Judgment—Court Has No Jurisdiction to Modify Amount of Alimony on Motion Filed a Year After Final Decree.* Where, in a divorce case, a decree is granted and a final judgment is entered for a division of property and for permanent alimony, in which decree the court retains jurisdiction for the purpose only of making such orders as may be necessary to carry the decree into effect, the court has no jurisdiction to entertain a motion, filed a year after the final decree was entered, to modify the amount of the permanent alimony.

2. SAME—*Court Has No Jurisdiction to Modify Final Decree on Motion for Fraud—May Be Attacked by Petition.* The court has no jurisdiction to entertain a motion to set aside or modify a final decree on the ground of fraud practiced by the successful party, in obtaining the decree, where such motion is filed a year after the final decree is entered. Such proceedings must be by petition, conforming to section 600 of the code in order that the charges may be put in issuable form.

3. SAME—*Application to Modify Final Decree Appealable.* An order, made in a summary application in an action after judgment, affecting a substantial right of a party to the action, is appealable under section 566 of the code.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opinion filed October 6, 1923. Reversed.

*Silas Porter,* of Topeka, and *Hal R. Clark,* of Los Angeles, Cal., for the appellant.

*C. J. Sloop,* of Independence, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Thomas J. Booth sued his wife, Laura C. Booth, for a divorce. The case came on for trial in September, 1921, at which

time the parties entered into a stipulation "for the purpose of adjusting all property rights which might or can be adjudicated in this action and of avoiding further controversy, expense and litigation." By the terms of the stipulation the plaintiff was to pay to the clerk of the court for the defendant as permanent alimony during the term of her natural life the sum of $425 each month, and this was made a lien upon certain specified real property and was to pay defendant within two years the sum of $5,000 to be used by defendant in the purchase of a home, and plaintiff released any claim he had to certain property owned by defendant, and by the terms of the stipulation the defendant delivered to plaintiff certain promissory notes aggregating $35,000, some oil stock, two checks for $5,000 each, which he had previously given to her, and conveyed to him certain real property said to be valuable. The court heard the evidence in the divorce action and granted plaintiff a decree of divorce. As to the stipulation, the decree recites:

"And the court, having read and considered said stipulation in connection with the evidence and statements of counsel in reference thereto, finds: That said stipulation was voluntarily executed by each of the parties in the presence and with the approval of their respective counsel, and that said instrument bears the signatures of all of the attorneys of record herein; that said stipulation is fair, just and reasonable between the parties."

And the court adjusted the property rights in accordance with the stipulation. The decree contained the following:

"And it is further ordered and adjudged that the court retain jurisdiction of this cause for the purpose of making any and all further orders which may be or become necessary to carry out the terms and provisions of this decree."

About a year later, in September, 1922, plaintiff filed an application and motion for modification of that part of the judgment which provided that plaintiff should pay defendant $425 per month, and the further sum of $5,000 for the purpose of buying a home. The motion was based upon two grounds. First, that the court had retained jurisdiction of the cause, and second, that defendant had fraudulently induced plaintiff to enter into the stipulation by statements to the effect that she would have nothing more to do with one George Mills, which the motion set out plaintiff relied upon at the time he entered into the stipulation, and that the defendant had not carried out her agreement in that regard. The defendant filed what is called a demurrer to this motion, for the reason, first, that it did not state facts sufficient to entitle the plaintiff to any relief, and sec-

ond, that the court was without jurisdiction of the subject matter of the motion and had no power or authority to set aside or modify the decree. This was overruled and the defendant has appealed.

It will be noted that in the decree of September, 1921, granting the divorce and adjudging alimony, the only reservation made by the court was that the court retained jurisdiction "for the purpose of making any and all further orders which may be or become necessary to carry out the terms and provisions of the decree." There was no reservation made as to the amount of permanent alimony or as to the division of the property, hence the court would have no jurisdiction a year later to entertain a motion to modify the amount by reason of any reservations in the decree.

Appellee contends that the second ground of his application and motion is under subdivision 4, section 7500 of the General Statutes of 1915. This section provides:

"The district court shall have power to vacate or modify its own judgments or orders at or after the term at which such judgment or order was made. . . . 4th. For fraud practiced by the successful party in obtaining the judgment or order."

Section 7504 provides:

"Proceedings to vacate or modify the judgment or order on the grounds mentioned in subdivisions 4, . . . [§ 7500] shall be by petition, verified by affidavit setting forth the judgment or order, the grounds to vacate or modify it. . . . On such a petition a summons shall issue and be served as in the commencement of an action."

The application and motion filed by plaintiff in this cause was not a petition under this section, was not verified by affidavit (though it was verified on the day of hearing of the demurrer), did not set forth a copy of the judgment or order and no summons was issued or served as at the commencement of an action. So, in fact, the application and motion did not conform to the petition to set aside a judgment on the grounds of fraud provided for by sections 7500 and 7504. The court had no jurisdiction to entertain a motion filed a year after the decree was rendered to set aside the judgment on the grounds of fraud. It might be successfully contended that the matters set forth in the application and motion as grounds of fraud do not, in fact, constitute fraud as contemplated by sections 7500 and 7504, for which the decree could be set aside, but as the proceedings are not under these sections, it is not necessary to determine this question.

Appellee raises the point that the order appealed from is not an appealable order. It is a little difficult to classify this unusual application and motion, since it is not authorized by any provision of the code. It is a summary application in an action after judgment, and the order appealed from is an order affecting a substantial right of the appellant, for under the motion plaintiff proposed to have an elaborate hearing and sought to relieve himself of the payments he was required to make to defendant without offering to return to her the valuable property she had delivered and conveyed to him, and as such is appealable under section 566 of the code.

These proceedings are reversed, with directions to dismiss plaintiff's application and motion.