No. 24,859.

ANNA E. BELOT, *Appellant,* v. MONTI L. BELOT, *Appellee.*

SYLLABUS BY THE COURT.

DIVORCE AND ALIMONY—*Divorce Denied—Temporary Alimony Ordered Paid Until "Further Order of Court"—Power of Court to Annul the Order for Payment of Temporary Alimony.* In an action for a divorce, where divorce is denied, but the court orders that, until the final order is made dividing the property, the sum of fifty dollars per month shall be paid by the defendant to the clerk of the court for the benefit of the plaintiff as temporary alimony until the further order of the court, it is within the power of the court afterward to order the clerk not to pay any more money to the plaintiff and thereafter to direct the clerk to pay the money then in his hands to the defendant.

Appeal from Cloud district court; JOHN C. HOGIN, judge. Opinion filed January 12, 1924. Affirmed.

*R. W. Turner, Donald F. Stanley,* both of Mankato, *A. M. Harvey,* and *Randal C. Harvey,* both of Topeka, for the appellant.

*Charles L. Hunt,* and *C. J. Putt,* both of Concordia, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from an order directing that money paid for her benefit to the clerk of the district court by the defendant as temporary alimony be returned to the latter.

The plaintiff sued the defendant for a divorce and the custody of Monti Lewis Belot, jr., seven years old, the child of the plaintiff and the defendant. The action was tried and judgment was rendered in part as follows:

"It is therefore by the court considered, ordered, adjudged and decreed that defendant is not guilty of gross neglect of duty or adultery and is guilty of extreme cruelty toward plaintiff, that the plaintiff be and she is hereby declared to be of unsound mind and a divorce is hereby refused; that the custody of said child Monti L. Belot, jr., be and the same is hereby denied each of the parties and is hereby awarded until the further order of this court to Frank A. Reid.

"It is further considered, ordered, adjudged and decreed by the court that the defendant pay for the support and education of said child and that both parties be allowed to visit said child at all reasonable hours and places, the frequency and rotation of their visits to be determined by the parties under whose custody the child is hereby awarded unless otherwise ordered by this court; that until the final order is made concerning a division of property that plaintiff have the use of the dwelling house in Clyde and all furniture and

Belot v. Belot.

household effects except such as are hereinafter given to defendant and that the defendant pay to the clerk of the District Court on May 27th, 1921, the sum of $50.00 for the use of plaintiff as temporary alimony and a like sum on the 27th day of each and every month thereafter until the further order of the court."

Subsequent to the rendition of that judgment, the court directed that the child be placed in St. Johns Military School at Salina. The order placing the child in that school contained the following:

"Both plaintiff and defendant are restrained and enjoined from removing or attempting to remove said child from the jurisdiction of this court and from the custody of any person or institution with whom the court at this time or any future time places said child. Both parties are restrained and enjoined from taking said child away from the said school without the consent of the proper authorities thereof."

Afterward, the defendant filed a motion asking that all that portion of the $50 a month which he had paid to the clerk of the district court under the order of the court and which then remained in the hands of the clerk be returned to the defendant, and in the motion alleged the following:

"The defendant further represents and shows to the court that on or about February 8th, 1922, the plaintiff in willful, direct and contemptuous violation of the order of said court, removed the child of the parties hereto from the custodian designated by this court, to-wit: St. John's Military School of Salina, Kansas, and ever since said time has kept and held the custody of said child, all being in contempt of said order of said court."

On the hearing of that motion, the court found:

"That since February 25, 1922, there has been paid into this court by the defendant in compliance with the order of this court made on April 28, 1921, the sum of $600.00 as temporary alimony, that said payments aggregating said amount have been held by the clerk of this court and not paid to the plaintiff by order of this court; that prior to February 25, 1922, the plaintiff became in contempt of the orders of this court and is now in deliberate and willful contempt and that she therefore ought not receive any benefits from any order made by this court."

The court then ordered:

"That no division of the property of the parties in this case be made by this court; that all orders made by this court relating to temporary alimony be and the same are hereby withdrawn, vacated and set aside and that said payments of temporary alimony made by the defendant beginning with February 25, 1922, and extending to this time be returned to the defendant by the clerk of this court and that he be relieved from the payment of any further sums."

7—115 KAN.

The plaintiff contends that, when the defendant paid the money to the clerk of the district court in obedience to the judgment rendered on the trial of the divorce action, her interest in that money became so vested that she could not be legally deprived thereof by any subsequent order of the court made in that action. In response to this, the defendant argues that there was no division of the property between the plaintiff and the defendant; that the payments were to be made until the further order of the court; that subsequently the court ordered the clerk not to pay the money over to the plaintiff; and that the order directing the clerk to pay the money over to the defendant was in compliance with the original judgment rendered in the action.

To dispose of this case, it is necessary to discuss but one proposition—the power of the court to retain jurisdiction for the purpose of controlling the payments that should be made to the clerk for the use of the plaintiff. The practice of retaining jurisdiction of suits for certain purposes is firmly established in this and other states. (*Foundling Hospital v. Harrington,* 113 Kan. 521, 215 Pac. 303; *Booth v. Booth,* 114 Kan. 377, 219 Pac. 513; 12 Enc. Pl. and Pr. 162.) The judgment provided that the payments of $50 a month were to be made as temporary alimony until the further order of the court. By that part of the judgment, the court retained jurisdiction to make further orders concerning the payment of alimony. Inasmuch as jurisdiction was retained to make further orders concerning the payment of fifty dollars a month, the court had the power to make the order stopping payments to the plaintiff and the order directing that the money paid to the clerk be returned to the defendant.

Complaints are made concerning the introduction of evidence. Those complaints have been considered, the evidence as abstracted has been examined, but nothing appears to warrant a reversal of the judgment.

The judgment is affirmed.

HARVEY, J., not sitting.