O. F. ROE v. ADELIA ROE.

1. DIVORCE—*Alimony*—*Practice*. Where a husband obtains a valid decree of divorce from his wife in another state, and no order is made with reference to alimony, or a division of the property of the parties, the wife cannot, long afterward, in an action brought in this state by her to obtain a divorce and alimony, obtain a decree for alimony alone, in the absence of any showing that the law of the state where the divorce was granted is different from that of Kansas.

2. PROPERTY RIGHTS—*Res Judicata*. The final judgment in an action granting a divorce settles all property rights of the parties, and is a bar to an action afterward brought by either party to determine the question of alimony, or any property rights which might have been settled by such judgment.

*Error from Montgomery District Court.*

ACTION by *Adelia Roe* against *O. F. Roe* for divorce. From the decree rendered May 3, 1890, defendant brings error. The opinion states the facts.

*C. A. Cox*, for plaintiff in error.

*S. M. Porter*, for defendant in error.

The opinion of the court was delivered by

ALLEN, J.: This action was commenced by Adelia Roe, as plaintiff, in the district court of Montgomery county, on the 18th day of October, 1884, to obtain a divorce from the defendant, and the custody of a minor child. The only service then attempted on the defendant was by publication soon thereafter. Nothing further appears to have been done in the case until the 31st day of July, 1889, when an amended petition was filed, praying for suit money, custody of said child, and for a divorce and alimony. On the 8th day of August, 1889, a summons was issued and personally served on the defendant, in Neosho county, Kansas, where he had resided since the fall of 1881. The defendant's answer was filed on the 10th of September, 1889, and denies generally the allegations of the petition. The case was tried in March, 1890. The plaintiff testified that she was married to the defendant on the 21st day of April, 1877, which was Saturday; that the defendant stayed with her, at her father's house, on the following night and Sunday, and that he left on Monday morning, and had never lived with her since. On the 27th of July following, the child referred to in the pleadings was born. The defendant went to Colorado soon after leaving the plaintiff, and on the 22d day of September, 1881, obtained a judgment of divorce from the plaintiff in the county court of Conejos county, Colorado, on a service by publication. He then returned to Kansas. In the fall of 1882, the defendant was married to Miss Perry, by whom he has four children.

One of the principal questions litigated at the trial was as to whether the plaintiff had been married before she was married to the defendant. It appears from the testimony of the plaintiff herself that she lived and cohabited with one John McAllister for more than a year, when she was 15 or 16 years

old; but she testifies that they were not married, and that the defendant was informed with regard to it before their marriage. At the conclusion of the trial, the court made special findings of fact, among which are findings that the parties were married, as alleged in the plaintiff's petition; that at the time of the marriage the plaintiff was pregnant with a child, of which the defendant was the father; that the defendant instituted an action in Colorado to obtain a divorce on the ground of previous marriage and adultery on her part; that the plaintiff in this action had no actual notice of the pendency of said case; that a decree of divorce was granted in said case; that said decree was obtained by false testimony offered by the defendant; that at the time the defendant returned to Kansas he had property of the value of about $250. The court thereupon, as a conclusion, sustained the Colorado decree of divorce, and granted the plaintiff $200 as alimony, and also adjudged that he pay the costs. Of this judgment he complains. While the court found that the Colorado divorce was obtained by false testimony, it did not find that the plaintiff in that action knew that such testimony was false, and inasmuch as the trial court sustained the validity of the Colorado decree, all presumptions are in its favor. More than that, however, the validity of that decree and of the subsequent marriage of the defendant are not challenged in this court. We then are left only to determine the question whether a decree for alimony can be sustained under the circumstances, where it is conceded that the defendant had obtained a valid decree of divorce before his second marriage. The question litigated on the trial as to whether the plaintiff had a husband living at the time of her marriage with the defendant was resolved by the trial court in favor of the plaintiff, on conflicting testimony. We therefore need not consider that matter.

The Colorado statutes with reference to the granting of divorce and alimony were not introduced in evidence at the trial. We must then assume that the law of that state is the same as the law of Kansas. (*Furrow v. Chapin*, 13 Kas. 107; *Railway Co. v. Cutter*, 16 id. 568; *French v. Pease*, 10

id. 51.)  The Colorado decree merely grants a divorce, and contains no provision whatever with reference to property. It then only remains to determine whether, under the laws of Kansas, long after a decree of divorce has been rendered, after one of the parties has married and become the father of a family of children, the divorced wife can prosecute an independent action and obtain a judgment for alimony.  Under § 646 of the civil code, it is provided:

"If the divorce shall be granted by reason of the fault or aggression of the wife, the court shall order restoration to her of the whole of her property, lands, tenements and hereditaments owned by her before, or by her separately acquired after, such marriage, and not previously disposed of, and also such share of her husband's real and personal property, or both, as to the court may appear just and reasonable; and she shall be barred of all right in all the remaining lands of which her husband may at any time have been seized."

Section 647 contains the provision that

"A divorce granted at the instance of one party shall operate as a dissolution of the marriage contract as to both, and shall be a bar to any claim of the party for whose fault it was granted in or to the property of the other, except in cases where actual fraud shall have been committed by or on behalf of the successful party."

In the case of *Lewis v. Lewis*, 15 Kas. 181, it was held:

"Where a decree of divorce was duly and legally entered, after service by publication, and the mailing of a copy of the petition and publication notice, as required by § 641 of the code, *held*, that the defendant could not come in under § 77 of the code, and upon the showing of want of actual notice have the decree set aside and be let in to defend.
"Where the decree of divorce contained no other order concerning property than one barring defendant of all right and interest in the property of plaintiff, *held*, that this order must stand with the decree, and, the decree being undisturbed, the order could not be set aside."

This case was decided long before the amendment rendering it unlawful for either of the parties to a judgment of divorce to marry within six months after the rendition of the

judgment.   It is the general policy of the law, strongly adhered to by this court in its prior decisions, to require every question properly involved in any suit to be disposed of by the judgment finally rendered in the case. (*Comm'rs of Marion Co. v. Welch*, 40 Kas. 767; *Bierer v. Fretz*, 37 id. 27; *Railroad Co. v. Beebe*, 39 id. 465; *Westbrook v. Mize*, 35 id. 299; *Railroad Co. v. Comm'rs of Anderson Co.*, 47 id. 766.)  Under the law of Kansas, the court rendering judgment in an action for divorce is authorized on a proper showing to grant alimony, whether the divorce be allowed or not.  If the divorce is granted, it operates as an absolute dissolution of the marriage tie.   Whatever orders with reference to alimony or a division of the property are desired by either party may then be considered and determined by the court.   If they may be so considered and determined, and a party neglects to require such determination, the judgment is as full and complete a bar as if the question had been fully tried and determined.  Within the case of *Lewis v. Lewis*, supra, though the rule declared may sometimes work great hardships, a judgment on service by publication is as effectual as where personal service is made.   We conclude, then, that, under the evidence and the finding of the court sustaining the Colorado divorce, the parties were not husband and wife either at the time the suit was commenced or when it was finally determined, and that the court was without power to grant alimony to the plaintiff while sustaining the Colorado divorce made so long before.

The judgment is reversed, with the direction to enter a judgment in favor of the defendant on the findings of the court.

All the Justices concurring.