THE ATCHISON, TOPEKA & SANTA FÉ RAILROAD COM-
PANY *et al.* V. LAURA C. CHURCH.

OBSTRUCTION OF STREET—*Damages—Cases, Followed.* The cases of
*A. T. & S. F. Rld. Co. v. Arnold,* 52 Kas. 724, *A. T. & S. F. Rld. Co. v.
Davidson,* 52 id. 739, and *A. T. & S. F. Rld. Co. v. Luening,* 52 id. 732,
followed.

*Error from Sumner District Court.*

ACTION by *Laura C. Church* against the *Atchison, Topeka
& Santa Fé Railroad Company* and the Southern Kansas
Railway Company, to recover damages for the obstruction of
certain streets. Judgment for plaintiff, and defendants bring
error.

*A. A. Hurd, Robert Dunlap,* and *O. J. Wood,* for plain-
tiffs in error.

*Frank H. Foster,* and *Murray & Abrams,* for defendant in
error.

*Per Curiam:* This case must be disposed upon the author-
ity of *A. T. & S. F. Rld. Co. v. Arnold,* 52 Kas. 724, *A. T. &
S. F. Rld. Co. v. Davidson,* 52 id. 739, and *A. T. & S. F. Rld.
Co. v. Luening,* 52 id. 732. Under the Arnold and Luening
cases, *supra,* the $300 allowed by the jury for the obstruc-
tion on Washington avenue cannot be sustained. The court
charged the jury that,

"Before the plaintiff below was entitled to recover a ver-
dict, she must show that First street was a street or highway
as alleged; that the railroad companies wrongfully and un-
necessarily blocked up and obstructed the street; and that the
plaintiff received actual injury from such obstruction, and
that the injury was special as to her, and not such as affected
the public in general."

The court also charged the jury as follows:

"You are further instructed that, if you should find that
plaintiff had been damaged on account of the building of the
railroad on First street, you can only consider and allow

damages to the plaintiff on account of the obstruction, if any, to the ingress and egress to and from the plaintiff's property or premises, and on no other account and for no other purpose."

The lots were alleged to be obstructed on two streets only — Washington avenue and First street. The verdict of the jury was for $1,000. As they answered the interrogatory of the amount of damages for the obstruction of Washington avenue, the balance of the verdict was necessarily for the damages to the property for the obstruction on First street. Therefore, there was no prejudicial error in refusing to submit the interrogatory as to the amount of damages on that street. The damages resulting from depreciation on account of inconvenience resulting "from smoke, noise, offensive vapors," etc., was not at issue, and the court, in its charge, expressly so stated. Therefore, it was not necessary to submit any interrogatory concerning the damages for annoyance of smoke, etc. The instructions, if construed together, were not prejudicial. The other errors alleged do not seem to be material.

Upon the authority of *A. T. & S. F. Rld. Co. v. Davidson,* supra, the damages allowed for the obstruction of ingress to and egress from the lots of plaintiff below, on First street, will be sustained. The case will be remanded, and, with consent of plaintiff below, judgment will be entered in the district court for $700 only.