Pinkerton v. Pinkerton.

No. 26,925.

Marion Pinkerton, *Appellant*, v. Allie Pinkerton, *Appellee*.

### SYLLABUS BY THE COURT.

Limitations of Actions — *Relief on Ground of Fraud — Two-year Statute Applicable — Constructive Knowledge.* A plaintiff who brings an action claiming that a deed to land was fraudulently filed for record for the purpose of cheating him is asking relief on the ground of fraud, and to escape the bar of the statute the action must be brought within two years after the discovery of the fraud. Notice of the alleged fraud was brought to plaintiff by the filing and recording of the instrument by which the alleged fraud was accomplished, and is sufficient to start the statute of limitations although plaintiff had no actual knowledge of the filing of the instrument.

Appeal from Cowley district court; Oliver P. Fuller, judge. Opinion filed December 11, 1926. Affirmed.

*A. M. Harvey*, of Topeka, and *C. T. Atkinson*, of Arkansas City, for the appellant.

*L. D. Moore*, of Winfield, for the appellee.

The opinion of the court was delivered by

Johnston, C. J.: This action was brought by Marion Pinkerton to set aside a deed purporting to convey certain lots to Allie Pinkerton and to declare that the title to the lots so conveyed belongs to him.

In his petition he alleged that he and Allie had been husband and wife, each being the owner of real property, and while living in that relation a question arose between them as to the way the individual property of each should descend in case of the death of either; that to meet such a situation it was agreed that each should execute a deed to the other, that the deed should be kept from record, and that upon the death of one the survivor should record the deed to her or him. It is alleged that in pursuance of this agreement the deeds were executed by each to the other on September 9, 1921, and the one executed by plaintiff to his wife was filed and recorded on September 13, 1921. He alleges that the recording of this deed was done not only in violation of their agreement, but also for the purpose of cheating and defrauding him. He asked that the deed fraudulently placed on record be declared void and that the title be declared and quieted in him. Besides a general denial, the defendant pleaded that

Limitation of Actions, 37 C. J. p. 943 n. 33; 22 L. R. A. n. s. 208; 17 R. C. L. 860.

if any cause of action existed it was barred under the two-year statute of limitations where relief is asked on the ground of fraud.

Another defense set forth was that in February, 1924, nearly three years after the deed had been placed of record, a divorce from the defendant was obtained by plaintiff, and that the decree finally settled all property rights existing between them. The decree is set forth in the answer, and its effect is to dissolve the marriage relation absolutely without making any reference to the property rights of the parties, and defendant insists that as no reservation was made and no reference made to property rights the judgment under the law effectually barred any question of property rights. In her cross petition the defendant alleged ownership and right of possession, that possession had been wrongfully taken and held by plaintiff, and she therefore asked recovery of title and possession.

The plaintiff's reply to the amended answer is practically a demurrer to the defenses named in the amended answer. All he alleges is: "That none of said defenses are valid and they constitute no defense to the action set forth in plaintiff's amended petition." The reply to the cross petition is in effect an averment that he was the owner of the property, and always had been entitled to the possession of the same; that defendant committed a fraud on him by placing the deed on record, and that she has no interest or right in the lots. The cause was submitted to the court upon a motion for judgment on the pleadings, also upon statements then made by counsel in open court. Whereupon the court determined and adjudged that the plaintiff should take nothing by reason of his plaint, but gave judgment for the defendant, awarding title and possession of the property to her.

The plaintiff appeals and his principal complaint is that the court was not warranted in rendering the judgment upon the showing made. It is first said that the question of the delivery of a deed is a question of fact for a jury and not for the decision of a court upon contested allegations; but the plaintiff having conceded that the deed was delivered to defendant, took that question out of controversy. The first defense of the defendant was that the action was barred by the two-year statute of limitations, and it appears to be good. It is charged that the legal title which defendant holds was procured by fraud, and plaintiff asks relief upon the ground of fraud; that being the character of the action, the bar fell in two years. (R. S. 60-306, *New v. Smith,* 86 Kan. 1, 119 Pac. 380.)

Pinkerton v. Pinkerton.

While plaintiff alleges that he did not discover the fraud of causing the recording of the deed until after the decree of divorce had been granted, yet the statutory exception that a cause of action shall not accrue in such cases until the discovery of the fraud, does not mean actual knowledge of the fraud. Constructive notice derived from a public record is sufficient to start the running of the statute. In the eye of the law plaintiff had notice of the wrong of which he complains when the deed was placed of record. That was about four years before the present action was brought and more than two years before the divorce action was begun. In that action the relations and rights of the respective parties were necessarily under consideration, and if parties desired an adjustment of those rights that was the time and place to have it done. The exception relating to discovery of the fraud is made on the theory that the fraud has been concealed, but manifestly there was no concealment here, as the deed was recorded four days after it was executed. But in any event there was constructive notice which was sufficient to set the statute in motion. (*Black v. Black,* 64 Kan. 689, 68 Pac. 622; *Rogers v. Richards,* 67 Kan. 706, 74 Pac. 255; *Walline v. Olson,* 84 Kan. 37, 113 Pac. 426; *Rogers v. Lindsay,* 89 Kan. 180, 131 Pac. 611; *Davis v. Heynes,* 105 Kan. 75, 181 Pac. 566; *Foy v. Greenwade,* 111 Kan. 111, 206 Pac. 332.)

Although not necessary to sustain the judgment of affirmance, there is another ground to which defendant has referred and which tends to uphold the judgment for defendant. The decree of divorce which had been mentioned had the effect of settling the property rights of the parties. In the action for divorce matters of alimony and of the division of property were open to consideration, and if any question was to be raised relating to property they should have been presented and adjusted at that time. In *Roe v. Roe,* 52 Kan. 724, 728, 35 Pac. 808, it was held that when a divorce is granted dissolving the marriage relation any orders with reference to alimony or division of property desired by either party may then be determined, and the court added:

"If they may be so considered and determined, and a party neglects to require such determination, the judgment is as full and complete a bar as if the question had been fully tried and determined." (See, also, *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546, and cases there cited.)

The judgment is affirmed.

HARVEY, J., not sitting.