No. 26,536.

CAL D. FUSSELMAN, *Appellee*, v. NELLIE MAY FUSSELMAN, *Appellant*.

SYLLABUS BY THE COURT.

DIVORCE—*Judgment and Decree—Finality as to Property Rights.* Where a judgment is rendered dissolving the marriage relation without an allowance of alimony or a division of the property of the parties and no appeal for the modification or reversal of the judgment is taken within the time prescribed by statute, the judgment becomes a finality and thereafter a party is not entitled to have the case reopened and the judgment modified in respect to a division of property.

Appeal from Sherman district court; CHARLES I. SPARKS, judge. Opinion filed February 12, 1927. Affirmed.

*E. S. Quinton,* of Topeka, *W. S. Langmade,* of Oberlin, and *E. E. Kite,* of St. Francis, for the appellant.

*J. E. Addington,* of Topeka, *T. E. Stewart,* of Goodland, and *C. A. Leinbach,* of Onaga, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: In an action by Cal D. Fusselman against Nellie May Fusselman, a decree of divorce was granted to the plaintiff on July 5, 1923. The matter of alimony or a division of property was not presented nor considered nor anything more than the dissolution of the marriage, except that defendant was restored to her

Divorce, 19 C. J. p. 337 n. 97; 9 R. C. L. 806.

maiden name of Nellie May Feaster. In November, 1923, defendant moved to set aside the judgment in order that her property rights might be adjusted, and she stated in her motion that the reasons she allowed the judgment to be entered without asking for alimony or division of property was that her attorney had advised her that her rights in that respect would be determined in another pending action which she had brought against her husband. It was shown that the action referred to was brought by her in 1920 for a divorce and a division of property, wherein a judgment was rendered denying a divorce to her, but the court at that time approved a contract of division of property made by the parties, and it was so adjudged. On July 7, 1922, she brought another action against her husband to set aside the earlier judgment pertaining to a division of the property, but upon a hearing on April 1, 1924, judgment was given against her. The motion in question was first filed, as we have seen, in November, 1923, after the judgment in favor of the husband had been granted, and was heard and overruled in 1924. A motion for a rehearing of that motion and order was filed in June, 1924, and a rehearing was allowed and had on May 2, 1925, when the court refused a reopening of the case to determine the property rights of the plaintiff. She appeals and insists that there was error in the refusal.

Apart from the fact that a division of property had been agreed upon by the parties and it had been given judicial approval, the defendant was not entitled to an adjudication of property rights after the decree of divorce had become a finality. When a divorce is granted a party asserting error may appeal, but notice of an intention to appeal must be given within ten days after the judgment is rendered, and a proceeding for modification or reversal must be commenced within four months from the date of the decree. This was not done, and the decree became a final adjudication not only on the dissolution of the marriage relation but also of any right which by the marriage, either had acquired in the property of the other. It has been decided:

"When parties have been divorced by a court having jurisdiction, and no proceedings have been taken to vacate or modify the decree by appeal until the statutory time therefor has expired, all the rights which either had to the property of the other by reason of the marriage relation, will be extinguished by such decree." (*Roberts v. Fagan,* 76 Kan. 536, 92 Pac. 559. See, also, *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546; *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 416, and cases therein cited.)

It cannot be said that there was any fraud in the decree that was rendered. Defendant stated that she made no claim for property rights in the divorce action because she was informed by her counsel that her rights would be fully protected in a pending action and that she relied upon his advice and did not learn until about the time the motion was made, as to the effect of the decree. It appears that a suit was pending relating to property rights and the mistake, if any was made by her counsel, cannot be regarded as a fraud of her former husband. The matter of property rights received consideration when her agreement upon a division of property was presented to the court, and also in the later case where the matter of property rights was involved and she had another opportunity to bring it to the attention of the court in the present action, when the divorce was granted.

Under the authorities her rights for a division of property, whatever that may have been, were extinguished by the judgment, from which no appeal had been taken within the time allowed by the statute. There was no error in refusing to modify that judgment.

The judgment is affirmed.