## No. 28,384.

HANNAH C. NOONAN, *Appellee,* v. EDWARD GRANT NOONAN, *Appellant.*

(273 Pac. 409.)

Opinion filed January 12, 1929.

*Bert J. Lempenau,* of Topeka, and *David G. Fink,* of Osborne, for the appellant.

*H. McCaslin,* of Osborne, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This appeal questions the propriety of a recent order of the district court of Osborne county concerning alimony to a woman who was divorced from her husband fourteen years ago.

The facts were these: In 1914, in the district court of Osborne county, the plaintiff, Hannah C. Noonan, obtained a divorce from the defendant, Edward Grant Noonan. She was given the custody of their three daughters, who were then of the ages of fifteen, thirteen and eight years, respectively. By the judgment it was decreed—

"That plaintiff have the care and custody of the children born as the issue of her marriage with the defendant, to wit: Florence Carmen Noonan, Laura Antoinette Noonan and Ethel Gertrude Noonan, . . . . And that she is entitled to an allowance of twenty-five dollars ($25) per month as support and for the education of her children, and that said monthly payment shall become due and payable on the 1st of November, 1914, and on the 1st day of each succeeding month thereafter until the further order of this court."

On April 14, 1927, the defendant filed a motion in the same cause showing that he had complied with the court's order for all these years, that his youngest daughter died in 1925 when she was nineteen years of age, that his other two daughters had attained the ages of 28 and 26 years, respectively, and both of them were now married. Defendant concluded with a prayer that he be relieved from further payments under the judgment entered in 1914.

Plaintiff countered with a motion alleging that defendant's financial condition had greatly improved since 1914, that plaintiff's health was impaired and that she had little earning capacity, that the $25 monthly payment was insufficient for her necessities, that she had overtaxed her strength in rearing the children. She prayed that her allowance be increased to $50 per month.

Affidavits and counter affidavits pertinent to these motions were submitted. Both motions were denied. The court made a finding—

"That the allowance of twenty-five dollars ($25) per month made in this cause at the time of the rendition of the divorce decree was for the support of the plaintiff as well as for the children whose custody was awarded to her; that such award should stand as made at the time of the rendition of such decree."

Judgment was entered accordingly and defendant appeals. He

stands on the familiar rule of law that after parties are divorced alimony cannot be awarded, and that the judgment of 1914 decreeing that plaintiff was "entitled to an allowance of $25 per month as support and for the education of her children . . . until the further order of the court" is not susceptible of an interpretation that any part of $25 per month was or could have been intended as permanent alimony. The matter is covered by the statute which provides that where permanent alimony is allowed it must be decreed in a specified sum of money. It may be made payable in gross or installments, but the sum itself must be fixed. (R. S. 60-1511.) In this case no sum was specified. The $25 per month was to be paid until the further order of the court, but the only jurisdiction the court could retain to make further orders was founded on its continuing power to see that its judgment was obeyed and to change or modify its order for the children's welfare as circumstances might suggest. This continuing jurisdiction is itself statutory.

"When a divorce is granted the court shall make provision for the guardianship, custody, support and education of the minor children of the marriage, and may modify or change any order in this respect whenever circumstances render such change proper." (R. S. 60-1510.)

See, also, *Miles v. Miles,* 65 Kan. 676, 677, 70 Pac. 631; *Purdy v. Ernest,* 93 Kan. 157, 143 Pac. 429; *Combs v. Combs,* 99 Kan. 626, 628, 162 Pac. 273; *Emery v. Emery,* 104 Kan. 679, 681, 180 Pac. 451.

Of course a court has the same inherent power to enforce its judgment in a divorce case that it has in any other case, but that power is not enlarged by a recital in the judgment that jurisdiction is retained; and the substance of the judgment concerning property rights or permanent alimony cannot be subsequently tampered with under color of such reserved jurisdiction. (*Booth v. Booth,* 114 Kan. 377, 219 Pac. 513.) In *Belot v. Belot,* 115 Kan. 96, 221 Pac. 1111, there was no divorce and the rule there announced is not at variance with this doctrine.

We have frequently held that a judgment of divorce settles all the property rights and obligations of the parties toward each other, and after the divorce is granted no award of alimony can be made or changed; and this rule holds true notwithstanding the circumstances of the parties may have changed. (*Mitchell v. Mitchell,* 20 Kan. 665; *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546; *Fusselman v. Fusselman,* 122

Kán. 515, 253 Pac. 411. See, also, *Pinkerton v. Pinkerton,* 122 Kan. 131, 133, 251 Pac. 246; *Dague v. Dague,* 126 Kan. 405, 267 Pac. 988.)

It follows that the $25 monthly allowance "as support and for the education of her children" is not lawfully susceptible of an interpretation that any portion of it was decreed as permanent alimony, and since the purposes for which it was awarded have been completely subserved by the rearing of the children to maturity, defendant is entitled to be relieved from making further payments under the order and judgment of October 28, 1914.

The judgment of the district court is reversed and the cause remanded with instructions to sustain defendant's motion and to enter final judgment to that effect.