No. 30,957.

CHARLES W. JOHNSON, as Receiver of The Wayside State Bank, *Appellee*, v. ROSA CUSICK, as Executrix, etc., et al., *Appellants*.

(19 P. 2d 433.)

Opinion filed March 11, 1933.

*Theodore F. Varner*, of Independence, for the appellants.

*W. N. Banks, O. L. O'Brien* and *Walter L. McVey*, all of Independence, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for the recovery of money and asking that a certain claim be adjudged a lien on real estate. Judgment was for plaintiff. Defendant appeals.

The facts are as follows: On February 24, 1927, Marshall S. Cusick, together with his son, Perry I. Cusick, gave the Wayside State Bank a promissory note. On August 9, 1927, Marshall Cusick died testate with the note unpaid. By the terms of his will he left his widow a life estate in his real estate with remainder to their children. Rosa Cusick, his widow, was appointed executrix. On August 2, 1928, a claim was filed in the probate court of Montgomery county for the amount due on the note. It was allowed as a fifth-class claim. On November 24, 1928, the executrix filed a final report which gave notice of final settlement. On December 27, 1928, the probate court issued an order approving her final report, finding that the amounts were correct, that the administration of the estate had been fully completed, that all of the terms of the will had been complied with, and that there remained nothing to be done except to distribute the funds belonging to the estate, and that the sum of $139.64 in the hands of the executrix should be paid over to Rosa Cusick. On the same date Rosa Cusick obtained an order showing that she had made full and final distribution of the funds

in accordance with the order previously made, and she was discharged. She did not pay any portion of the claim of plaintiff, as allowed by the court and provided for in the provisions of the will for the payment of debts of the deceased, but instead applied the money she had in her hands in making a distribution to herself.

The deceased at the time of his death owned the real estate described in the petition.

The action was based upon the theory that the action of Rosa Cusick in filing her final report without paying the claim of the Wayside State Bank and in appropriating the money in her hands to herself was unlawful and wrong, and that she is liable for unfaithful administration of the estate, and is liable to plaintiff on account of such unfaithful administration, as provided in section 22-1001 of the Revised Statutes of Kansas.

The district court overruled the demurrer to plaintiff's evidence and rendered judgment in favor of plaintiff and granted plaintiff a lien for the satisfaction of said judgment upon real estate, which was owned by deceased, and ordered the sale of the property for the satisfaction of the indebtedness. A motion for new trial was filed and overruled.

This action was filed over two years after the order closing the estate was made. Appellant argues that the action is a collateral attack upon a final order of the probate court on account of fraud, and that before appellee would be entitled to judgment he must first prove that actual fraud existed; second, that the fraud must be extrinsic to the issues before the court when the judgment was granted; third, that the action must be begun within two years after the discovery of the fraud; and fourth, that the fraud was discovered when the publication notice was given in December, 1928, and the final order made a matter of public record in probate court on the 27th day of December, 1928.

It is the contention of appellee that the action is brought under the provisions of R. S. 22-1001. This section is as follows:

"If any executor or administrator shall unreasonably delay to raise money by collecting the debts and effects of the deceased, or by selling the real estate if necessary and if he can obtain an order therefor, or shall neglect to pay what he has in his hands, it shall be deemed unfaithful administration in such executor or administrator, and he shall be liable on his administration bond for all damages occasioned thereby."

Should it be decided that the action was one upon a liability created by statute, the second subdivision of R. S. 60-306 would apply and plaintiff would have three years in which to bring his action, and this action was brought in time. Should it be decided that it was an action for relief on the ground of fraud the plaintiff had only two years and the action was barred. The elements of the right of action as set out in R. S. 22-1001 are unreasonable delay on the part of the executor to raise money and neglect to pay what he has in his hands.

The petition of plaintiff did not allege facts sufficient to state such a cause of action. The cause of action set out is a case of misrepresentation and fraud on the part of the executrix in that she "wrongfully, unlawfully and fraudulently" caused the order closing the estate to be made. Throughout the petition the words "wrongfully and fraudulently" were used in describing the conduct of defendant. Under these circumstances we have concluded that the action was one based on fraud, and that the two-year statute of limitations applies.

Plaintiff argues that even if this be true it did not discover the fraud until a short time before the action was brought. The trouble with that argument is that the closing of the estate was a matter of public record. Notice of it was given in the paper and plaintiff was bound by that notice. (See *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 216.)

The judgment of the trial court is reversed with directions to enter judgment for the defendant.