No. 31,388
(Consolidated with No. 30,965)

T. I. Mayfield, Substituted, as Plaintiff, for The First National Bank of Medicine Lodge, *Appellant,* v. Mary Gray, Formerly Mrs. T. I. Mayfield, and E. H. Morrissey, *Defendants;* The Wesley Hospital and Dr. Harry Horn, Interveners, *Appellees.*

(23 P. 2d 498.)

Opinion filed July 8, 1933.

*Samuel Griffin,* of Medicine Lodge, for the appellant.

*George W. Cox, Lawrence Weigand, Z. Wetmore, George M. Ashford* and *J. Murray Burris,* all of Wichita, for the appellees.

The opinion of the court was delivered by

Thiele, J.: On May 9, 1931, the defendant E. H. Morrissey executed and delivered his note due in six months to T. I. Mayfield. In the interval between the giving of the note and November 6, 1931, defendant Mary Gray, then Mrs. T. I. Mayfield, signed the note. On November 6, 1931, a suit for divorce brought by T. I. Mayfield against his wife, Mary A. Mayfield, was tried in the district court of Barber county, and as a result he was granted a divorce and was ordered to pay the clerk of that court an additional sum of $500 as permanent alimony and $150 as attorneys' fees within twenty days. On November 9, 1931, the due date of the note, or the day thereafter, T. I. Mayfield sold the note to the First National Bank of Medicine Lodge, and on November 23, 1931, an action was brought in the name of the bank against Mary Gray, formerly Mrs. T. I. Mayfield, and E. H. Morrissey, in the city court of Wichita, and garnishment summons was served upon T. I. Mayfield. As a result of adverse

rulings, defendant Mary Gray appealed to the district court of Sedgwick county. Before trial there, Wesley Hospital was permitted to intervene and set up a claim based on an assignment of a part of Mary Gray's judgment. It was also stipulated that the action should be consolidated for trial with another action pending against Mary Gray. On April 30, 1932, the consolidated causes came on for hearing on Mary Gray's motion to quash the garnishment order, and the court, after hearing the evidence, allowed the motion and quashed the garnishment. From that order and from the order allowing Wesley Hospital to intervene, the bank appealed to this court (No. 30,965). Thereafter the cause was tried on the merits, the trial being held in June of 1932 and January of 1933. At the hearing in June, 1932, it developed that the bank had charged the note back to T. I. Mayfield, who was substituted as plaintiff. Other evidence was taken and the cause continued to permit procuring of a transcript of the record in the divorce suit. At the hearing in January, 1933, the transcript was read in evidence, other testimony was heard and the parties given time to file briefs. On March 10, 1933, the cause came on for decision, and the court found in favor of the defendants and against plaintiff and further found that the matters and issues were or should have been adjudicated in the divorce action. T. I. Mayfield appealed from the decisions, orders and judgments to this court (No. 31,388). The appeals are submitted together.

In the first appeal are two specifications of error: (1) quashing of garnishment, (2) permitting Wesley Hospital to intervene. In the second, appellant fails to make any specifications of error, and under rule No. 5 the appeal might well be dismissed.

It may be observed, first, that the court found generally against the substituted plaintiff, T. I. Mayfield, and owing to the fact that there was no consideration shown for Mrs. T. I. Mayfield, now Mary Gray, signing the note long after it was executed and delivered by defendant Morrissey, we cannot say the judgment in her favor was not properly rendered. Appellant argues the matter, though, as if it had been decided on account of the binding force and effect of the judgment in the divorce action. It is clear from the record that he owned the note at the time the divorce action was tried, and that he sold it thereafter and after it was due. He contends that the note represented a separate cause of action and was not taken into

consideration by the court or parties when the divorce case was tried and adjudicated.

In *Pinkerton v. Pinkerton*, 122 Kan. 131, 133, 251 Pac. 416, it was stated:

"In the action for divorce matters of alimony and of the division of property were open to consideration, and if any question was to be raised relating to property they should have been presented and adjusted at that time. In *Roe v. Roe*, 52 Kan. 724, 728, 35 Pac. 808, it was held that when a divorce is granted dissolving the marriage relation any orders with reference to alimony or division of property desired by either party may then be determined, and the court added:

"'If they may be so considered and determined, and a party neglects to require such determination, the judgment is as full and complete a bar as if the question had been fully tried and determined.' (See, also, *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546, and cases there cited.)"

The matter was again considered in *Noonan v. Noonan*, 127 Kan. 287, 289, 273 Pac. 409, and it was said:

"We have frequently held that a judgment of divorce settles all the property rights and obligations of the parties toward each other, and after the divorce is granted no award of alimony can be made or changed; and this rule holds true notwithstanding the circumstances of the parties may have changed. (*Mitchell v. Mitchell*, 20 Kan. 665; *Roe v. Roe*, 52 Kan. 724, 35 Pac. 808; *McCormick v. McCormick*, 82 Kan. 31, 107 Pac. 546; *Fusselman v. Fusselman*, 122 Kan. 515, 253 Pac. 411. See, also, *Pinkerton v. Pinkerton*, 122 Kan. 131, 133, 251 Pac. 246; *Dague v. Dague*, 126 Kan. 405, 267 Pac. 988.)"

See, also, 1 R. C. L. 940, dealing with conclusiveness of the judgment in a divorce action.

If the appellant wanted the matter of his note considered, he should have presented the matter when the divorce suit was tried. The appellant having failed on the merits of his claim, any error there may have been with respect to the garnishment proceedings is immaterial.

The judgment of the lower court is affirmed.