No. 35,449

MAMIE ZELLNER, *Appellee*, v. EARNEST ZELLNER, *Appellant*.

(127 P. 2d 428)

Opinion filed July 11, 1942.

*G. H. Terrill,* of Larned, argued the cause for the appellant.
*Ralph R. Rader,* of Howard, was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a divorce action and defendant, the husband, appeals.

The appeal is from an order of the court sustaining plaintiff's mo-

tion to strike the case from the docket, including defendant's answer and cross petition.

The action was originally filed by the wife May 19, 1936, in the district court of Elk county. In that action plaintiff sought a divorce, alimony, division of property and the custody of two minor children. The parties had entered into a written agreement for the division of their property, both real and personal. In consideration thereof it was agreed the wife released her husband from all obligations to support her and, in case of divorce, from all obligation to pay alimony. No provision was made in the agreement for the support of the minor children. From the record before us it is not clear whether the agreement was attached to and made a part of the petition, but we are advised it was made a part of the action on June 6, 1938. Sometime thereafter, the exact date not being stated, appellee left Elk county and established her residence in Sedgwick county. Later appellant also established his separate residence in Sedgwick county. Nothing further was done concerning the action in Elk county for a number of years. In 1938, and before anything further was done in the action in Elk county, appellee filed an action for the same purposes in the district court of Sedgwick county. Personal service was had on appellant in the latter action. He did not contest the action. On June 24, 1938, a decree of divorce and judgment for the other relief sought, was rendered in the Sedgwick county case. Subsequently, and on May 2, 1940, appellant appeared and moved to have the Sedgwick county judgment set aside. The motion was overruled. On May 6, 1940, appellant filed an answer in the original case in the district court of Elk county and on July 28, 1941, he filed an amended answer and cross petition in that court. On September 11, 1941, appellee filed a motion in the district court of Elk county in which she sought to have the case stricken from the docket. The grounds of her motion were in substance that: Shortly after the filing of the action in the district court of Elk county on June 6, 1936, the parties moved out of the jurisdiction of the district court of Elk county; that action was forgotten and abandoned by both parties; the subject matter of that action was adjudicated in the district court of Sedgwick county on June 24, 1938, and the district court of Elk county was without jurisdiction; no purpose could be served by further litigation. The evidence introduced on the hearing of that motion included the files in the action in the district court of Sedgwick county. The motion was sustained and the action in the dis-

trict court of Elk county was stricken from the docket, including defendant's (appellant's) amended answer and cross petition. The amended answer and cross petition in substance alleged: Plaintiff had obtained from defendant all the property to which she was entitled under the provisions of the property settlement agreement, but defendant had not received from plaintiff all the things he was entitled to receive thereunder. The things he did not receive from plaintiff were of the value of $790; subsequent to the property settlement plaintiff borrowed $130 from the defendant which she had not repaid; the allegations contained in the action filed by plaintiff in the district court of Sedgwick county were the same as those contained in the petition filed in the district court of Elk county; defendant had been damaged by the action filed in Sedgwick county by reason of the following expenditures, to wit: attorney fees $50, expenses $45, and loss of time from employment in the value of $15.

In the judgment rendered in the district court of Sedgwick county in June, 1938, plaintiff (appellee) was granted a divorce, the written agreement, which purported to settle all the rights of the parties against each other, was approved and judgment was also rendered against defendant in the sum of $10 per month for the support of the two minor children.

Appellant contends he should have been permitted to establish the damages alleged in his cross petition for the purpose of obtaining a setoff on the judgment plaintiff obtained in the action in Sedgwick county and that his cross petition was therefore erroneously stricken from the docket. He relies upon the provisions of G. S. 1935, 60-3106, which reads:

"In any case where a setoff or counterclaim has been presented, the defendant shall have the right of proceeding to the trial of his claim, although the plaintiff may have dismissed his action or fail to appear."

The statute was not intended to apply to the circumstances here presented. The trial court, after a hearing on the motion to strike the case from the docket, found the parties had abandoned the action in Elk county. The record before us in nowise discloses that such finding was unsupported by the evidence. The record before us would indicate that action had been abandoned. Counsel for appellant even now states the reason the Sedgwick county action was not contested was due to the fact appellant was without funds to contest it. Manifestly, we cannot disturb the finding that the Elk county action had been abandoned.

The general rule that the authority of the court first acquiring jurisdiction must prevail is subject to the exception that where an action is abandoned then another court of concurrent jurisdiction may take jurisdiction of the subject matter. (14 Am. Jur., Courts, § 250; *Baskin v. Wayne Circuit Judge,* 236 Mich. 15, 209 N. W. 925.) It is also well to note that at the time the action was filed in Sedgwick county, and judgment was there rendered, the district court of Elk county had in no respect undertaken to exercise its jurisdiction.

The district court of Elk county, in striking the action from the docket, also concluded the cause of action had been adjudicated by the district court of Sedgwick county on June 24, 1938. No appeal was taken from the judgment of the district court of Sedgwick county. Personal service was had on appellant in that action. He did not advise that court an action involving the same subject matter was then pending in the district court of Elk county. He did not contend the latter action had not been abandoned. He permitted that court to render a judgment for divorce, alimony, division of property, custody of children and a judgment for their support. Thereafter, and in 1940, as previously indicated, appellant filed a motion in that court to have the judgment set aside. The motion was overruled and no appeal has been taken from that ruling.

Every defense and every claim against his wife, now set up in his amended answer and cross petition, could have been presented in the action filed in the district court of Sedgwick county. Furthermore, in this state a party to the marital relation is required to assert every existing right or claim against the other party thereto at the time the marital relationship is finally terminated. (*Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498; *Calkins v. Calkins,* ante, p. 43, 122 P. 2d 750.) In the Mayfield case a husband was held barred from subsequently maintaining an action on a note against his wife which he failed to present in the divorce action. We there held:

"Where one spouse is indebted to the other at the time of trial of a divorce action, and a decree fixing property rights is rendered, it will be presumed that such indebtedness is settled, adjusted and adjudicated in such decree." (Syl. ¶ 2.)

In the Calkins case it was decided the wife was barred from maintaining an action to recover a balance due, at the time of the divorce, on a judgment for her separate maintenance which she failed to assert in the divorce action. We there said:

"In this state it is the general and well-established policy of the law to require every question properly involved in a divorce action to be finally settled and adjudicated at the time the marital tie is dissolved. A few of the decisions are *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808; *McCormick v. McCormick,* 82 Kan. 31, 107 Pac. 546; *Heivly v. Miller,* 102 Kan. 313, 169 Pac. 1141; *Pinkerton v. Pinkerton,* 122 Kan. 131, 251 Pac. 416; *Noonan v. Noonan,* 127 Kan. 287, 273 Pac. 409; *Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498.

"It expressly has been decided that all matters which properly may be presented and considered in a divorce action must be presented, and if not presented the judgment is as full and complete a bar as if the matter had been fully tried and determined. (*McCormick v. McCormick, Pinkerton v. Pinkerton,* and *Mayfield v. Gray,* all *supra.*) There are other decisions to the same effect. The judgment of divorce, although it may not expressly so declare, excludes everything not expressly mentioned or reserved in it. (*McCormick v. McCormick,* and *Mayfield v. Gray,* both *supra.*)" (p. 45.)

The district court of Elk county properly struck the case from the docket, and the judgment is affirmed.