No. 37,304

CARL R. FELDMAN, *Appellant*, v. MARY B. FELDMAN, *Appellee*.

(204 P. 2d 742)

Opinion filed April 9, 1949.

*Roy V. Nelson,* of Hiawatha, argued the cause, and *Chester C. Ingels,* of Hiawatha, was with him on the briefs for the appellant.

*L. E. Helvern,* of Hiawatha, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Parker, J.: On the 21st day of May, 1946, the district court of Brown county rendered a judgment in a divorce action wherein it granted Mary B. Feldmann, the defendant, a divorce from Carl R. Feldmann, the plaintiff, gave her custody of the two minor children of the parties and approved certain property settlement agreements. Later, and on July 15, 1947, the plaintiff attempted to obtain a modification of the judgment by filing a motion to strike from the original decree everything except that portion thereof granting the defendant a divorce. This appeal is from the order and judgment overruling such motion.

Much of the following factual statement, wherein for purposes of brevity and in an effort to avoid confusion the parties will be

referred to as appellant and appellee, has little bearing on the issues raised by the appeal and is necessary only for explanatory purposes.

On or about the 13th day of October, 1945, long existing marital difficulties between the parties to this action culminated in the execution of a separation agreement. On that date they had been married for approximately fifteen years, were the parents of two girls, twelve and nine years of age, and had been living apart for some time. The children were with appellee who was maintaining an apartment in Washington, D. C. The appellant, a colonel in the regular army, was stationed at Lowry Field in Colorado.

The contract as executed is quite lengthy and consists of thirteen separate and distinct paragraphs in addition to several preliminary and concluding paragraphs which are unnumbered and formal in nature. Most of its provisions are similar to those to be found in the ordinary separation agreement and hence need not be quoted. Paragraphs specifically in question by reason of contentions advanced by appellant, to which we shall presently refer, read as follows:

"(3). The said wife shall have the sole control and custody of Sally Feldmann, born June 3, 1933, and Carol Feldmann, born February 29, 1936, minor children of the parties hereto, and the husband shall have the right to visit and see said children or to have them visit him at any reasonable times, provided such visits do not interfere with their usual education or health.

"(4). Said husband hereby agrees so long as his minor children be living with and in the custody of the wife and throughout their minority, that he will continue to pay to his wife, as maintenance and support for the wife and children, the sum of Three Hundred Forty Dollars ($340.00) per month (this being the amount which he now allots her from his service pay) and that he will continue said payment in the manner in which it is now being paid by allotment, so long as he remains in the military service. Upon both of said daughters attaining their majority or in the event of the marriage of either prior to her attaining her majority or upon the remarriage of the wife at any time after the signing of this Agreement, it is mutually agreed that renegotiations shall be undertaken to determine what adjustment, if any, is fair and reasonable upon the happening of such contingency for continued maintenance and support of those who will be entitled to such, in the event any of the contingencies mentioned take place.

"(5). It is further understood and agreed that in the event the husband shall ever suffer a decrease in monetary income or salary by reduction in rank, retirement, or dismissal, if in the military service, or otherwise, if he receives a lesser income than now presently receiving, renegotiations shall be undertaken by the parties hereto to determine the amount of monthly payment to be paid to the wife and the amount of monthly payment to be made for the support and maintenance of said children. In the event of such an occurrence of

lesser income the husband agrees to pay the sum of Fifty (50%) percentum of his total income, allowances, advances, etc., earned or accrued, to said wife, proportionately for herself and for the support and maintenance of said minor children.

"(6). In the event of the husband's decease, payments of his gratuity pay shall be equally divided between the said children, payable to the wife as their guardian, should she then be living or to the then present guardian of said children, or if the children be of the age of majority, then to the children themselves. The husband agrees to make necessary arrangements for the accomplishment of this and forward to the wife proof of such arrangements.

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .

"(8). It is further agreed by the husband that the following listed insurance policies now in the wife's possession are to be retained by her without change of beneficiary unless agreed to by the wife and that the premiums on the same are to be paid for by the husband in the same manner in which he is now making payments, that is, by allotment from his military pay: (Here follows description of policies) . . ."

Within a few weeks after the agreement had been executed appellee filed a divorce action in the district court of Brown county against appellant who entered his voluntary appearance and agreed such contract should be made a part of the judgment to be entered therein. For some reason appellee did not proceed with this action and on January 16, 1946, it was dismissed on her motion without prejudice. Thirty days later appellant instituted a divorce suit in the same county and court, charging appellee in his petition with extreme cruelty and gross neglect of duty. Subsequently appellee filed an answer in which she admitted the marriage, but denied all allegations of the petition relied on by appellant as grounds for divorce. In addition she set forth the status of the two minor children and pleaded existence of the separation agreement which she asserted was valid and binding on the parties, both as to settlement of property rights and as to support money. No reply was made to this answer and in due time the cause came on for hearing with pleadings in form as heretofore stated.

When the case was called appellant testified as a witness in his own behalf. For some reason at the close of his testimony the trial court announced a recess. At this point there is a hiatus in the record and we do not propose, although we might well do so with some hope of accuracy, to speculate as to its cause or what happened in the interim. At any rate, it does appear from such record that sometime during the recess the parties had entered into a supplemental agreement, the terms of which provide it is merely a substitute for and executed in lieu of paragraph 6 of the original contract

and created a trust estate, for the benefit of appellant's children when they reach the age of twenty-one, to come from payments made by him out of gratuity pay to be received in the future as a result of his service in the army. It further appears that appellee had prepared an amendment to her answer in the nature of a cross petition, subsequently filed instanter with the trial court's consent, wherein she charged appellant with gross neglect of duty and extreme cruelty and asked for a divorce and such other relief as might be warranted under the pleadings and the evidence. Appellee was then permitted to adduce her evidence. At its conclusion the trial court rendered the judgment from which this appeal springs granting appellee a divorce, giving her the custody of the children, confirming and approving the original and supplemental property settlement agreements, and making such agreements a part and portion of its final judgment and decree.

At this point it can and should be stated it clearly appears from the record that the jugment when rendered on May 21, 1946, was agreed to and acquiesced in by all parties to the divorce action and that the first objection of any character made thereto by appellant was in the form of a motion, filed on November 16, 1946, to modify it because of an alleged reduction in his pay which was later dismissed at his own request. Subsequently and on April 16, 1947, he filed a motion to clarify such judgment on the premise it failed to designate the amount he was required to pay to the appellee as alimony or the amount he was required to pay her as child support and that under the law the district court was required to divide such payments into amounts definite and certain as to both alimony and child support. This motion was overruled on June 17, 1947.

The next attack on the original judgment is the one presently involved in which, as we have heretofore indicated, appellant sought unsuccessfully by motion to nullify each and all of the provisions of the decree except the one granting appellee a divorce. His appeal, as we have likewise indicated, is based upon the premise the trial court erred in overruling such motion.

From what has been heretofore stated it becomes apparent appellant now seeks to modify and do away with all of the terms of a judgment, in which he not only acquiesced but from which he has never appealed, regarded by him as adverse to his interests. He actually seeks to do more than that. If his position is sustained he will overthrow and reverse the ruling of June 17, 1947, also

unappealed from, wherein the trial court, after having its attention called to his contentions with respect to the validity of the separation agreements, refused to change or modify the original judgment. Under such conditions and circumstances our first duty is to determine just what the record presents for appellate review.

In this jurisdiction the rule is well established that, except for void judgments which by statute (G. S. 1935, 60-3009) are subject to attack at any time, the orders and judgment of a court having jurisdiction of the subject matter of an action and of all the parties thereto are final and conclusive as to all matters therein involved unless corrected or modified on appeal and that such matters cannot again be litigated by the parties to that action in the same court or any other court of concurrent jurisdiction upon either the same or a different cause of action.

For decisions dealing generally with the principle just stated, see *Wharton v. Zenger,* 163 Kan. 745, 749, 186 P. 2d 287; *Cross v. Hodges,* 124 Kan. 672, 261 Pac. 585; *Lodge v. Order of United Commercial Travelers,* 125 Kan. 26, 262 Pac. 598.

It is also interesting to note that in elaborating upon the same principle this court has repeatedly held that with all parties in a court having jurisdiction of the issues involved in an action the doctrine of *res judicata* not only prevents the relitigation of identical facts and questions a second time but bars the litigation of all matters in a subsequent action which might and should have been determined in the first one. See decisions cited at page 750 of the opinion in *Wharton v. Zenger,* supra.

The principle has been followed and specifically applied in divorce actions. See *Wulf v. Fitzpatrick,* 124 Kan. 642, 261 Pac. 838, which holds:

"A decree in a divorce case, rendered in 1914 and not appealed from, has become final. Complaints now made concerning its prudence or justice are unavailing." (Syl. ¶ 1.)

See, also, *Zellner v. Zellner,* 155 Kan. 530, 127 P. 2d 428, where, in further extending the application of the rule, it was held:

" 'In an action for divorce, matters of alimony, division of property and all obligations arising out of or connected with the marital relation may be presented and adjusted. If not then presented the judgment is as full and complete a bar to a subsequent assertion of such rights between the husband and wife as if they had been fully tried and determined in the divorce action.' Following *Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498, and *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750." (Syl. ¶ 2.)

Thus, since it clearly appears from the face of the record that both the original judgment and the one subsequently rendered on June 17, 1947, have long since become final and conclusive, appellant's claim that the trial court erred in overruling his motion to strike cannot be upheld unless that portion of the original judgment giving appellee custody of the children, confirming the property settlement agreements and making those agreements a part of such decree is void. With issues so limited we are not concerned with questions pertaining to whether the contract was fairly and understandingly made, whether its provisions are reasonable or unreasonable or other matters of similar character which have become *res judicata* under the original judgment and for that reason do not treat or discuss them even though they are specified as error and urged as grounds for reversal of the judgment.

Turning now to matters relied on as making portions of the judgment challenged by the motion absolutely void we note appellant's first contention that the 4th and 5th paragraphs of the separation agreement, heretofore quoted, violate the rule that alimony must be allowed in a definite sum, else an award of that character is void. In support of his position on this point he relies on several of our decisions: *Johnson v. Johnson*, 57 Kan. 343, 46 Pac. 700; *Catren v. Catren*, 136 Kan. 864, 18 P. 2d 134; *Noonan v. Noonan*, 127 Kan. 287, 273 Pac. 409; *Conway v. Conway*, 130 Kan. 848, 288 Pac. 566; *Revere v. Revere*, 133 Kan. 300, 299 Pac. 595; *Stoner v. Stoner*, 134 Kan. 356, 5 P. 2d 847, and other cases not here cited, all holding an alimony award made under authority of G. S. 1935, 60-1511, where the divorce is granted to the wife because of the fault or aggression of the husband, must be in a definite aggregate sum. We have no quarrel with the rule announced in those decisions and adhere to them. The trouble with appellant's position is that the decisions on which he relies are not in point and that he entirely overlooks another line of cases, applicable to the facts and circumstances here involved, holding there is a distinct difference between what the court has authority to do under the statute with respect to alimony in a divorce case and what the parties may agree upon. We are not disposed to labor those decisions. It will suffice to say they hold (See *Hyde v. Hyde*, 143 Kan. 660, 56 P. 2d 437, *Petty v. Petty*, 147 Kan. 342, 76 P. 2d 850, and cases therein cited) a husband and wife may enter into a marriage settlement whereby they agree upon a division of property as between them-

selves and payments to be made by the husband to the wife for the care and support of their children, including maintenance of the wife as well while such children are in her care and custody, and that such an agreement, where it has been freely and fairly made, may be made a part of the judgment in a divorce action and that the judgment thereby entered as to payments to be so made to the wife is valid even though the sum total of such payments is neither itemized as to purpose nor definitely fixed as to amount. *McKinney v. McKinney,* 152 Kan. 372, 103 P. 2d 793, is to the same effect although the divorce therein involved was granted on account of the fault of the wife instead of the husband.

When the terms of the contract here inolved, particularly those to be found in quoted paragraphs 4 and 5, are analyzed they must be interpreted, as is definitely indicated by the language "said husband agrees so long as his minor children be living with and in the custody of his wife" to provide for payments founded upon the obligation of appellant to support his children and not upon any duty to provide for the appellee's support even though as an incident thereto she was to participate in some of the proceeds thereof as compensation for assisting appellant in fulfilling his parental obligation. Such a construction brings the judgment in this case squarely within the rule announced in the three decisions last cited and, since all questions pertaining to whether the agreement was fairly and intelligently made are *res judicata,* compels the conclusion appellant's position on the point now under consideration is not tenable.

Appellant strenuously insists our decision in *Conway v. Conway,* supra, directing the striking of an alimony award from a judgment as void, is directly contrary to the conclusion just announced. We do not agree. In that case, unlike in the case at bar, the separation contract carried into the judgment specifically provided that payments were to be made to the wife for an indefinite term as alimony, not as support money for the children of the parties, and the district court in its judgment attempted to retain jurisdiction of the amount or amounts of ailmony to be paid in the future.

Another claim of error to the effect paragraph 8 of the contract, providing the appellee is to retain certain insurance policies in which she was named a beneficiary and appellant to continue to pay premiums thereon, is invalid requires little attention. This court long ago held to the contrary. See *Tromp v. National Reserve Life,* 143 Kan. 98, 53 P. 2d 831.

The same holds true of an additional contention the trial court lacked power to approve the supplemental agreement executed by the parties in lieu of paragraph 6 of the original agreement and carry such provisions into the judgment, thus creating a trust for the benefit of appellant's children the corpus of which was to come from his individual property. It is true the general rule is that in granting a divorce a court has no authority under the statute to decree that a part of the property of the husband shall be the sole property of his children. However, we have expressly held that where—as here—the parties have agreed to action of that character by contract, a judgment carrying out its terms and putting them into force and effect, is valid (*Cowle v. Cowle,* 114 Kan. 605, 220 Pac. 211). For other decisions recognizing and applying the same principle see *Baldwin v. Baldwin,* 150 Kan. 807, 813, 96 P. 2d 614; *Petty v. Petty,* supra (page 353 of the opinion) ; *Anderson v. Anderson,* 155 Kan. 69, 71, 123 P. 2d 513, and *Hayn v. Hayn,* 162 Kan. 189, 196, 175 P. 2d 127.

We find nothing wrong with the involved divorce decree. Therefore appellant's motion challenging certain portions thereof as invalid and void was properly overruled.

The judgment is affirmed.