No. 44,519

Georck H. Schnug, *Appellant,* v. Pearl A. Schnug, *Appellee.*

(415 P. 2d 283)

Opinion filed June 11, 1966.

*R. Bowland Ritchie,* of Wichita, argued the cause and was on the briefs for appellant.

*Robert L. Driscoll,* of Wichita, argued the cause, and *Lester L. Morris, Verne M. Laing, Ferd E. Evans, Jr., Ralph R. Brock, Joseph W. Kennedy* and *C. Robert Bell,* of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

Fatzer, J.: This was an action to recover on a promissory note and to foreclose a mortgage on real estate. The district court sustained the defendant's motion for summary judgment, and the plaintiff has appealed.

The facts are not in dispute, and the record contains all those material to a decision in the case. The plaintiff's petition alleged that on November 1, 1957, the defendant then named Pearl Hachtel, a single woman, executed and delivered to the plaintiff her promissory note in the amount of $1,631.09; that to secure its payment, she executed and delivered to the plaintiff a mortgage upon certain real estate owned by her in the city of Wichita; that the mortgage was duly recorded and the registration tax duly paid, and that the de-

fendant made the following payments: $50 on October 11, 1960, $24 on December 15, 1962, and $39 on January 15, 1963, totaling in the sum of $113, all of which were endorsed on the back of the note. A copy of the note and mortgage were attached to the plaintiff's petition. The prayer was for judgment for the balance due on the promissory note and for the foreclosure of the real estate mortgage.

The defendant answered and alleged that subsequent to her execution of the note and mortgage and in September, 1961, the parties were married, and, further, that on July 31, 1963, some twenty-two months later, the marriage was dissolved when they were divorced in the district court of Sedgwick County, Case No. D-121, and all property rights of the parties were settled in the divorce decree. She further alleged that the plaintiff's claim against her was res judicata and he was estopped from collaterally attacking the validity of the divorce decree and that his claim was barred by the doctrine of laches; further, that the promissory note was void because it contained material alterations and additions and that plaintiff's claim was barred by the statute of limitations.

The plaintiff filed the divorce action and alleged the defendant had been guilty of gross neglect of duty and extreme cruelty toward the plaintiff. The defendant executed an entry of appearance which she duly acknowledged, and consented that the action could be tried at the convenience of the plaintiff and the court without further notice to her. The decree of divorce in Case No. D-121 recited that the defendant did not appear when the divorce action was heard, and that part of the decree here pertinent reads:

"THEREUPON the court listens to the evidence and finds that the allegations of the petition are true and that plaintiff is entitled to a divorce from the defendant. The court finds that there have been no children born to this marriage and that there is no property directly belonging to the parties that is for distribution or division.

. . . . . . . . . . . .

"IT IS THEREFORE BY THE COURT ORDERED, ADJUDGED, AND DECREED that the plaintiff is hereby awarded a divorce from the defendant; *that each of the parties hereto shall retain the property in their possession and owned by them as of this time as their sole and separate property, free and clear from all claims from the other party to such property;* that the defendant's former name of Pearl A. Hachtel be and the same is hereby restored to her." (Emphasis supplied.)

The decree was later modified to provide that the defendant's name, until otherwise changed, remain Pearl A. Schnug.

The validity of the plaintiff's cause of action turns upon the construction to be given the divorce decree. During oral argument we were told the parties had previously been married and both had children by former spouses and that each owned property when they were married in 1961. The plaintiff asserts that no property was accumulated by the parties during the marriage and that this is confirmed by the district court's finding, "there is no property directly belonging to the parties that is for distribution or division." He contends that the effect of the decree awarding the parties the property each then owned in his own right as his sole and separate property placed the parties and their property rights in the same status as before the marriage occurred; that the plaintiff was awarded his clothing, carpenter tools, bank account, and his note and mortgage, and the defendant was awarded her cooking utensils, china, and bedding she brought to the marriage, and her houses and lots she then owned. He further contends that the language of the decree, "free and clear from all claims from the other party to such property," means marital claims, and that the decree did not cancel his note and mortgage but assigned them to him free from all marital claims of the defendant; that the note and mortgage owned by him were just as much "property" as the defendant's house and lot which were mortgaged to the plaintiff, and that by suing on the note and mortgage he is not asserting any marital claim against the defendant's property, but is only asserting his claim as owner of the note and mortgage which was his property prior to the marriage.

The defendant contends that the plain language of the default divorce decree which the plaintiff procured, settled all property rights between the parties and that the words "free and clear from all claims from the other party" means that her house and lot were freed from the claims of the plaintiff's note and mortgage; that even though specific property matters were not isolated and dealt with individually by the decree, it will be presumed the indebtedness was settled, adjusted, and adjudicated by the decree, and that if the plaintiff wanted the matter of his note and mortgage considered he should have presented it when the decree was entered and specific provision should have been made assigning it to him free from any claim on the part of the defendant. In making the contention, the defendant relies upon the prior decisions of this court to the effect that it is the general policy of the law of this state to

require every question involved in a divorce action to be disposed of by the judgment finally rendered; that it is not necessary for the decree to specifically recite it is a final and full adjudication of all property rights and claims between the parties, and that where one spouse is indebted to the other at the time the decree is rendered, all matters which may be presented and considered must be presented, and if not presented, the judgment is as full and complete a bar as if the matter had been fully tried and determined. She cites and relies upon *Roe v. Roe,* 52 Kan. 724, 35 Pac. 808; *Mayfield v. Gray,* 138 Kan. 156, 23 P. 2d 498; *Calkins v. Calkins,* 155 Kan. 43, 122 P. 2d 750; *Zellner v. Zellner,* 155 Kan. 530, 127 P. 2d 428, and *Breidenthal v. Breidenthal,* 182 Kan. 23, 318 P. 2d 981.

The foregoing decisions are sound and we adhere to them, but we think they are not helpful to the defendant. They involve situations where the divorce decree did not purport to adjust the property rights of the parties (*Roe v. Roe,* supra); where an order for past-due installments for separate maintenance was not presented (*Calkins v. Calkins,* supra); where a party did not receive property he was entitled to receive under a property settlement agreement, and where a loan of money made during the pendency of the divorce action was not repaid (*Zellner v. Zellner,* supra); where a wife was indebted to her husband on a promissory note and its ownership and enforceability were not adjusted when the divorce action was tried (*Mayfield v. Gray,* supra), and where it was necessary to determine the value of the husband's property purportedly claimed by third parties. (*Breidenthal v. Breidenthal,* supra.)

In the instant case, the decree purported to adjust and settle the property rights of the parties. It specifically provided that the property then owned by each and in his possession should be his sole and separate property, free and clear from all claims from the other. The finding that "there is no property directly belonging to the parties that is for distribution," when considered with the court's division of property in a subsequent paragraph in the decree, confirms the plaintiff's contention that no property was acquired by the parties during the marriage, and that the court intended to dissolve the marriage and place the parties in full ownership and possession of property they owned prior to the marriage and owned by them at the time the decree was entered.

The defendant relies heavily upon *Mayfield v. Gray,* supra, which barred the husband, after a divorce and alimony had been

granted the wife, from maintaining an action on a note she signed as surety during the marriage relation. We think the cases are not parallel. In *Mayfield* the husband failed to present the note in the divorce action and no provision was made assigning it to him or otherwise adjusting the parties' rights therein. Here, the plaintiff's note and mortgage were presented to the district court, if not specifically, then generally, when it decreed that each party retain the property in their possession and owned by them as of that time *as their sole and separate property.* It is not disputed that the plaintiff owned the note and mortgage prior to the marriage and at the time the divorce was granted. In fact, the petition alleged the defendant made two payments on the note during the marriage relation. That plaintiff had possession of them is evident by his bringing this action. Being the owner of the note and mortgage at the time the divorce was granted, the decree assigned them to the plaintiff as his sole and separate property with all incidents of full ownership, including his right to bring the instant action unless other provisions of the decree bar such right.

Does the language of the decree, "free and clear from all claims from the other party to such property," free the defendant's house and lot from the lien of plaintiff's mortgage and bar his right to enforce his cause of action in the instant case? We think not. As previously indicated, the decree purported to assign all property each party then owned and to adjust every claim existing between them and free each party from the claims of the other to the property assigned. But what claims? While the decree could have been more aptly drawn so its provisions would have clearly reflected the court's intention, we cannot import inconsistency in its judgment such as awarding the plaintiff his note and mortgage as his sole and separate property and then deny him the right to enforce them. When the decree is considered in its entirety, we think the district court assigned to each party the property he then owned free and clear from the *marital* claims of the other party. In other words, all of the plaintiff's property was assigned to him, including the note and mortgage, and all of the defendant's property was assigned to her, including her houses and lots, and the property assigned to each was to be owned as his sole and separate property free and clear from the marital claims of the other. The plaintiff is not here asserting marital claims against the defendant's property but is seeking only to enforce his property right which he owned and which was assigned to him by the divorce decree, free from

the marital claims of the defendant. We are of the opinion the plaintiff's cause of action is presently enforceable against the defendant.

The foregoing compels the conclusion that the district court erred in sustaining the defendant's motion for summary judgment. We note, however, the defendant's answer raises genuine issues of material fact which have not been determined. Accordingly, the judgment of the district court is reversed with directions to proceed to determine those issues and render judgment pursuant to law.

It is so ordered.